IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY CABE, SEAN FREY, ANITA POTEETE, RONDA ROHDE, ROBERT SNELL, JEFFREY MOORE and ELISA TINNELL, et al., | |
| Plaintiffs, | Case No. 1:24-CV-01316 |
| | Hon. John Robert Blakey |
| v. | Hon. Jeffrey T. Gilbert |
| EVERGREEN PACKAGING LLC and PACTIV EVERGREEN INC., | |
| Defendants. | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, Evergreen Packaging LLC and Pactiv Evergreen Inc. ("Defendants"), by and through their attorneys, Littler Mendelson P.C., hereby submit their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

**ANSWER:**    Defendants admit that Plaintiffs purport to bring this case as a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., ("FLSA") and that Plaintiffs assert individual claims under the FLSA. Defendants deny that Plaintiffs are similarly situated to any other individuals and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.      Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA.

**ANSWER:**      Defendants admit that Plaintiffs seek the foregoing remedies but deny that

Defendants violated any law, and that Plaintiffs are entitled to any form of relief. Defendants deny

the remaining allegations in Paragraph 2 of the Complaint.

3.      Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

**ANSWER:**      Defendants deny the allegations in Paragraph 3 of the Complaint.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

**ANSWER:**      Defendants admit that this Court has subject matter jurisdiction over this

suit but deny that Plaintiffs are entitled to any relief under the claims brought in this case.

5.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

**ANSWER:**      Defendants admit that venue properly lies in this Court for Plaintiffs'

claims. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants are headquartered in Lake Forest; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**ANSWER:**      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants do business in this District, and a substantial part of the events alleged herein occurred in this District.

**ANSWER:**      Defendants admit that they conduct business within the State of Illinois.

Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

**ANSWER:** Defendants deny the allegations in Paragraph 8 of the Complaint.

### III. THE PARTIES

9. Plaintiff Jeffery Cabe is an individual and resident of North Carolina.

**ANSWER:** Defendants admit that Plaintiff Jeffrey Cabe is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Plaintiff Sean Frey is an individual and resident of New York.

**ANSWER:** Defendants admit that Plaintiff Sean Frey is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Plaintiff Anita Poteete is an individual and resident of Illinois.

**ANSWER:** Defendants admit that Plaintiff Anita Poteete is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Plaintiff Ronda Rohde is an individual and resident of Illinois.

**ANSWER:** Defendants admit that Plaintiff Ronda Rohde is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 12 of the Complaint and therefore deny the same.

13. Plaintiff Robert Snell is an individual and resident of New York.

**ANSWER:** Defendants admit that Plaintiff Robert Snell is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 13 of the Complaint and therefore deny the same.

14.     Plaintiff Jeffrey Moore is an individual and resident of West Virginia.

**ANSWER:**     Defendants admit that Plaintiff Jeffrey Moore is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 14 of the Complaint and therefore deny the same.

15.     Plaintiff Elisa Tinnell is an individual and resident of South Carolina.

**ANSWER:**     Defendants admit that Plaintiff Elisa Tinnell is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 15 of the Complaint and therefore deny the same.

16.     Separate Defendant Evergreen Packaging LLC ("Evergreen"), is a foreign limited liability company registered to do business in Illinois.

**ANSWER:**     Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     Evergreen's registered address for service is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:**     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     Evergreen maintains a website at https://evergreenpackaging.com/.

**ANSWER:**     Defendants admit the allegations in Paragraph 18 of the Complaint.

19.     Separate Defendant Pactiv Evergreen Inc. ("Pactiv") is a foreign, for-profit corporation.

**ANSWER:**     Defendants admit the allegations in Paragraph 19 of the Complaint.

20.     Pactiv's registered address for service is Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

**ANSWER:**     Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     Pactiv maintains a website at https://pactivevergreen.com/.

**ANSWER:**     Defendants admit the allegations in Paragraph 21 of the Complaint.

## IV.    FACTUAL ALLEGATIONS

22.    Evergreen is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

**ANSWER:**    Defendants admit that Evergreen is an employer within the meaning set forth in the FLSA. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23.    Evergreen is a manufacturer of various beverage packaging, paper, and paperboard products. Evergreen is a part of Pactiv Evergreen lnc.1[1]

**ANSWER:**    Defendants admit that Evergreen is a manufacturer of various beverage packaging, paper, and paperboard products. Defendants lack sufficient knowledge to define Plaintiff's statement that "Evergreen is part of Pactiv Evergreen, Inc." and therefore denies the allegation.

24.    Evergreen operates multiple manufacturing facilities worldwide, including facilities in North Carolina, Illinois, New York, West Virginia and South Carolina, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

**ANSWER:**    Defendants admit that Evergreen operates manufacturing facilities and maintains its corporate headquarters in Illinois. Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25.    Evergreen has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture beverage packaging, paper, and paperboard products.

**ANSWER:**    Defendants admit the allegations in Paragraph 25 of the Complaint.

26.    Evergreen's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

**ANSWER:**    Defendants admit the allegations in Paragraph 26 of the Complaint.

---

[1] The Evergreen Packaging Story, https://evergreenpackaging.com/about-us/ (last visited Sept. 7, 2022).

27.     Pactiv is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations of this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

**ANSWER:**     Defendants admit that Pactiv is an "employer" within the meaning of the

FLSA. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Pactiv is a manufacturer and distributor of various food service, food merchandising, and beverage merchandising products.

**ANSWER:**     Defendants admit the allegations in Paragraph 28 of the Complaint.

29.     Pactiv operates multiple manufacturing and distribution facilities worldwide, including manufacturing facilities in North Carolina, Illinois, New York, West Virginia and South Carolina, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

**ANSWER:**     Defendants admit that Pactiv maintains its corporate headquarters in

Illinois. Defendants deny the remaining allegations of Paragraph 29 of the Complaint.

30.     Pactiv's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

**ANSWER:**     Defendants admit the allegations in Paragraph 30 of the Complaint.

31.     Evergreen and Pactiv jointly operate the manufacturing facilities at which Plaintiffs and the collective members were employed.

**ANSWER:**     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants, together, have unified control over employees and jointly exercise authority over Plaintiffs and other employees, set the pay policy applicable to Plaintiffs and the others, and control the work schedule of Plaintiffs and the others.

**ANSWER:**     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Upon information and belief, the revenue generated from Evergreen and Pactiv was merged and managed in a unified manner.

**ANSWER:**     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

**ANSWER:**     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

**ANSWER:**     Defendants admit that they are subject to the FLSA. Defendants deny the

remaining allegations in Paragraph 35 of the Complaint.

36.     Defendants employed Plaintiffs as production worker within the three years preceding the filing of this lawsuit.

**ANSWER:**     Defendants lack sufficient knowledge as to Plaintiffs' definition of

"production worker," and on that basis, deny the remaining allegations in Paragraph 36 of the

Complaint. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.     Plaintiff Jeffery Cabe was employed by Defendants as an hourly-paid production worker in Defendants' Canton, North Carolina facility from July of 2021 to September of 2023.

**ANSWER:**     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Plaintiff Sean Frey was employed by Defendants as an hourly paid production worker in Defendants' Plattsburgh, New York facility from October of 2021 to February of 2023.

**ANSWER:**     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Plaintiff Anita Poteete was employed by Defendants as an hourly paid production worker in Defendants' Frankfort, Illinois facility from 1989 to February of 2024.

**ANSWER:**     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Plaintiff Ronda Rohde was employed by Defendants as an hourly-paid production worker in Defendants' St. Charles, Illinois facility from January of 2022 to January 2023.

**ANSWER:**     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Plaintiff Robert Snell was employed by Defendants as an hourly-paid production worker in Defendants' Canandaigua, New York facility from 1993 to December of 2022.

**ANSWER:**     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Plaintiff Jeffrey Moore was employed by Defendants as an hourly-paid production worker in Defendants' Mineral Wells, West Virginia facility from August of 2017 to August of 2021.

**ANSWER:**     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Plaintiff Elisa Tinnell has been employed as an hourly-paid production worker in Defendants' Jackson, South Carolina facility since August 2021.

**ANSWER:**     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants classified Plaintiffs as hourly employees, nonexempt from the overtime requirements of the FLSA.

**ANSWER:**     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants also employed other production workers.

**ANSWER:**     Defendants lack sufficient knowledge as to Plaintiffs' definition of "production workers," and on that basis, deny the remaining allegations in Paragraph 45 of the Complaint. Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendants also classified other production workers as hourly employees, nonexempt from the overtime requirements of the FLSA.

**ANSWER:**     Defendants lack sufficient knowledge as to Plaintiffs' definition of "production workers," and on that basis, deny those allegations in Paragraph 46 of the Complaint. Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.     Defendants directly hired Plaintiffs and other production workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**ANSWER:**     Defendants lack sufficient knowledge regarding Plaintiffs' definition of "production workers," and on that basis, deny those allegations in Paragraph 47 of the Complaint. Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.     Plaintiffs and other production workers recorded their hours worked via an electronic timekeeping system, which logged their hours into an electronic payroll system maintained by Defendants.

**ANSWER:**     Defendants lack sufficient knowledge regarding Plaintiffs' definition of "production workers," on that basis, deny those allegations in Paragraph 48 of the Complaint. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49.     Upon information and belief, Defendants rounded hours worked by Plaintiffs and other production workers' hours in Defendants' favor by rounding down in approximately fifteen-minute increments.

**ANSWER:**     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     For example, if a production worked [*sic*] clocked in for 8 hours and 10 minutes, Defendants would round that worker's hours down to exactly 8 hours.

**ANSWER:**     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants' rounding practice resulted in hours worked by production workers which went unrecorded and uncompensated.

**ANSWER:**     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Because Plaintiffs and other production workers regularly worked over forty hours in a week, the hours which went uncompensated due to Defendants' rounding practices created overtime violations.

**ANSWER:**     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Because Plaintiffs and other production workers worked hours which went uncompensated in weeks in which they also worked over forty hours, Defendants failed to pay Plaintiffs and other production workers a lawful overtime premium for all hours worked over forty each week.

**ANSWER:**     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants knew or should have known that Plaintiffs and other production workers were working additional hours for which they were not compensated.

**ANSWER:**     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Upon information and belief, Defendants' clock-in and rounding policies were the same for all production workers.

**ANSWER:**     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendants' facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

**ANSWER:**     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     At all relevant times herein, Defendants have deprived Plaintiffs and other production workers of regular wages and proper overtime compensation for all of the hours worked over forty per week.

**ANSWER:**     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Plaintiffs worked over forty hours and therefore incurred damages in most weeks during their employment with Defendants.

**ANSWER:**     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Specifically but without limitation, Plaintiff Jeffery Cabe worked over forty hours and incurred damages in each of the following weeks: April 3, 2023; April 10, 2023; and April 17, 2023.

**ANSWER:**     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Specifically but without limitation, Plaintiff Sean Frey worked over forty hours and incurred damages in each of the following weeks: September 12, 2022; September 19, 2022; and September 26, 2022.

**ANSWER:**     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Specifically but without limitation, Plaintiff Anita Poteete worked over forty hours and incurred damages in each of the following weeks: March 6, 2023; March 13, 2023; and March 20, 2023.

**ANSWER:**     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Specifically but without limitation, Plaintiff Ronda Rohde worked over forty hours and incurred damages in each of the following weeks: October 10, 2022; October 17, 2022; and October 24, 2022.

**ANSWER:**     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Specifically but without limitation, Plaintiff Robert Snell worked over forty hours and incurred damages in each of the following weeks: August 1, 2022; August 8, 2022; and August 15, 2022.

**ANSWER:**     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Specifically but without limitation, Plaintiff Jeffrey Moore worked over forty hours and incurred damages in each of the following weeks: May 3, 2021; May 10, 2021; and May 17, 2021.

**ANSWER:**     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Specifically but without limitation, Plaintiff Elisa Tinnell worked over forty hours and incurred damages in each of the following weeks: April 17, 2023; April 24, 2023; and March 1, 2023.

**ANSWER:**     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     The net effect of Defendants' rounding practices, as described above, is that Defendants intentionally rounded the hours of Plaintiffs and other production workers in order to avoid paying them for all hours worked.

**<u>ANSWER:</u>**     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants made no reasonable efforts to ascertain and comply with applicable law.

**<u>ANSWER:</u>**     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants knew or showed reckless disregard for whether the way they paid Plaintiffs and other production workers violated the FLSA.

**<u>ANSWER:</u>**     Defendants deny the allegations in Paragraph 68 of the Complaint.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

69.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked in excess of forty in any week;
B.     Liquidated damages; and
C.     Attorneys' fees and costs.

**<u>ANSWER:</u>**     Defendants admit that Plaintiffs seek the foregoing remedies and purport to bring this case as a collective action but deny that they violated any law and deny that Plaintiffs or any member of the putative collective is entitled to any form of relief. Defendants deny that Plaintiffs are similarly situated and deny that Plaintiffs are similarly situated to any other individuals and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Plaintiffs propose the following collective under the FLSA:

All hourly-paid production workers who recorded at least 39 hours in any week within the last three years, except those who join

*Wallace v. Evergreen Packaging, LLC*, Case No. 4:22-cv-337-KGB (E.D. Ark.) or
*Woodall v. Evergreen Packaging, LLC*, Case No. 1 :23-cv-459 (N.D. Ill.).[2]

**ANSWER:**    Defendants admit that Plaintiffs seek to certify the foregoing collective but deny that this case should proceed as a collective action or that any "collective" may be certified under the FLSA. Defendants deny the remaining allegations of Paragraph 70 of the Complaint.

71.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

**ANSWER:**    Defendants admit that Plaintiffs filed consents to join form but deny that Plaintiffs are similarly situated to any other individual and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint-Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

**ANSWER:**    Defendants deny the allegations in Paragraph 72 of the Complaint.

73.    The proposed FLSA collective members are similarly situated in that they share these traits:

A.    They were paid hourly;
B.    They were subject to Defendants' common policy of rounding their time in favor of Defendants;
C.    They worked over forty hours in at least one week;
D.    They were subject to Defendants' common policy of failing to pay proper overtime wages as required by the FLSA; and
E.    They had substantially similar job duties, requirements, and pay provisions.

**ANSWER:**    Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

---

[2] Civil cases are currently pending in the United States District Courts for the Eastern District of Arkansas and the Northern District of Illinois against Evergreen Packaging LLC, alleging violations of the FLSA on a collective basis, with collective allegations limited to production facilities in the state of Arkansas. *See Wallace v. Evergreen Packaging, LLC,* No. 4:22-cv-337-KGB (E.D. Ark. filed Apr. 12, 2022); *Woodall v. Evergreen.*

**ANSWER:** Defendants admit that Plaintiffs purports to be "unable to state the exact number of the collective but believes that the collective exceeds 100 persons," but Defendants deny that this case should proceed as a collective action, that any "collective" may be certified under the FLSA, and that Plaintiffs are similarly situated to any other individuals. Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

**ANSWER:** Defendants deny the allegations in Paragraph 75 of the Complaint.

76. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

**ANSWER:** Defendants deny that Plaintiffs are similarly situated to any other individuals and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

77. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

**ANSWER:** Defendants admit that Plaintiffs seek the foregoing remedies but deny that they violated any law or that Plaintiffs are entitled to any form of relief.

78. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** Defendants admit that they are separate enterprises engaged in commerce within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

**ANSWER:**     Paragraph 79 of the Complaint purports to summarize statutory provisions, to which no response is required. To the extent that a response is deemed required, Defendants deny any violation of the referenced statutes and regulations. Defendants deny the remaining allegations in Paragraph 79 of the Complaint.

80.     Defendants classified Plaintiffs as nonexempt from the requirements of the FLSA.

**ANSWER:**     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiffs for all hours worked, including 1.5x their regular rates of pay for all hours worked in excess of 40 per week.

**ANSWER:**     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants knew or should have known that their actions violated the FLSA.

**ANSWER:**     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants' conduct and practices, as described above, were willful.

**ANSWER:**     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

**ANSWER:**     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:**     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:**     Defendants deny the allegations in Paragraph 86 of the Complaint.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

87.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

**ANSWER:**     Defendants admit that Plaintiffs seek the foregoing remedies but deny that they violated any law or that Plaintiffs are entitled to any form of relief.

88.     At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:**     Defendants admit that they are employers within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:**     Defendants admit that they are separate enterprises engaged in commerce within the meaning of the FLSA.  Defendants deny the remaining the allegations in Paragraph 89 of the Complaint.

90.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

**ANSWER:**     Paragraph 90 of the Complaint purports to summarize statutory provisions, to which no response is required. To the extent that a response is deemed required, Defendants deny any violation of the referenced statutes and regulations. Defendants deny the remaining allegations in Paragraph 90 of the Complaint.

91.     Defendants classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

**ANSWER:**     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 per week.

**ANSWER:**     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

**ANSWER:**     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants knew or should have known that their actions violated the FLSA.

**ANSWER:**     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants' conduct and practices, as described above, were willful.

**ANSWER:**     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs, and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

**ANSWER:**     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:**     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:**     Defendants deny the allegations in Paragraph 98 of the Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jeffery Cabe, Sean Frey, Anita Poteete, Ronda Rohde, Robert Snell, Jeffrey Moore and Elisa Tinnell, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E.      An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

**ANSWER:**     Defendants admit that Plaintiffs seek the foregoing remedies but deny that they violated any law or that Plaintiffs are entitled to any form of relief listed above or otherwise.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which it would not otherwise bear such burden.

Defendants reserve the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiffs rightfully bear the burden of proof. In addition, Defendants are continuing to

investigate Plaintiffs' allegations and therefore reserve the right to amend this pleading. The term "Plaintiffs" as used below, refers to any and all current and future Plaintiffs in this lawsuit.

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Defendants state, in the alternative, if necessary, that if, in fact, they have failed to pay any non-exempt employees for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

3.     Plaintiffs' claims are limited to the applicable two-year statute of limitations because Plaintiffs cannot establish a willful violation of the FLSA. *See* 29 U.S.C. § 255.

4.     To the extent Plaintiffs' claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiffs' claims are time barred.

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

6.     Plaintiffs' claims are barred, in whole or in part, for any and all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

7.     Plaintiffs' claims are barred because Plaintiffs lack standing to assert the legal rights or interests of others.

8.     Plaintiffs and the putative collective claims are barred because they lack standing to assert legal rights against Defendants who were not Plaintiffs or the putative collective's employer.

9.     Plaintiffs' claims are barred, in whole or in part, because they consented to, acquiesced in, or ratified, through express or implied agreement, the conduct of which they now complain.

10.     To the extent that Plaintiffs and the putative collective members theories and representations in this case are inconsistent with their prior representations to Defendants, then

their claims may be barred by the doctrine of estoppel.

11.     Defendants are not liable because their acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval, and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor, with respect to the class of employers to which Evergreen belongs. *See* 29 U.S.C. §§ 258 and 259.

12.     Defendants are not liable for liquidated damages because their acts or omissions were in good faith and Defendants had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. *See* 29. U.S.C. § 260.

13.     Defendants' actions were not willful. No act or omission of Defendants which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the FLSA.

14.     Plaintiffs' claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

15.     This case may not be maintained as a collective action because Plaintiffs are not similarly situated to the persons they seek to represent. *See* 29 U.S.C. § 216(b).

16.     To the extent that Plaintiffs seek to recover for non-compensable time, their claims are barred.

17.     Defendants compensated Plaintiffs for all hours worked. Alternatively, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendants for period in which Plaintiffs was not engaged to work.

18.     Without waiving its ability to oppose class certification and explicitly asserting their opposition to the propriety of class and/or collective treatment, if the Court does certify a

class or collective in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth in this pleading against each and every member of the certified class and/or collective.

19.     Defendants expressly reserve the right to assert additional affirmative defenses or counterclaims at a later date.

WHEREFORE, Defendants respectfully request that, after due proceedings, the Court enter judgment in their favor dismissing Plaintiffs' claims with prejudice and awarding Defendants any other relief this Court deems appropriate.

Dated:  March 11, 2024

Respectfully submitted,

EVERGREEN PACKAGING LLC and
PACTIV EVERGREEN INC.

*/s/ John A. Ybarra*
One of Their Attorneys

John A. Ybarra, Bar No. 06196983
jybarra@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
Yara Mroueh, Bar No. 6324386
ymroueh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:      312.372.7880

## CERTIFICATE OF SERVICE

I, John A. Ybarra, an attorney, hereby certify that, on March 11, 2024, I caused a copy of

***Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint*** to be filed with the Clerk

of the Court, using the CM/ECF system, and served upon the following counsel of record:

Josh Sanford, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

*/s/ John A. Ybarra*
John A. Ybarra

4861-6083-7801.1 / 117816-1026