**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY CABE, SEAN FREY, ANITA POTEETE, RONDA ROHDE, ROBERT SNELL, JEFFREY MOORE and ELISA TINNELL, Each Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EVERGREEN PACKAGING LLC, and PACTIV EVERGREEN, INC., <br><br> Defendants. | Case No. 1:24-cv-1316 <br><br> Hon. Judge John Robert Blakey <br><br> Hon. Magistrate Judge Jeffrey T. Gilbert |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    **A.    Identify the attorneys of record for each party.  Note the lead trial attorney and any local counsel.**

        Josh Sanford, Esq. (Ark. Bar No. 2001037), Lead Trial Attorney
        Sean Short, Esq. (Ark. Bar No. 2015079)
        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Email: josh@sanfordlawfirm.com
        Email: sean@sanfordlawfirm.com
        *(Attorneys for Plaintiffs)*

John A. Ybarra, Esq. (Ill. Bar No. 06196983), Lead Trial Attorney
Matthew J. Ruza, Esq. (Ill. Bar No. 6321424)
Yara Mroueh, Esq. (Ill. Bar No. 6324386)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Email: jybarra@littler.com
Email: mruza@littler.com
Email: ymroueh@littler.com
(*Attorneys for Defendants*)

**B.**  **State the basis for federal jurisdiction.  If based on diversity, state the domicile of all parties.  As a reminder, domicile is different than residence – the former is what counts for diversity purposes.**  ***See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).**

The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

**C.**  **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

This is an action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the FLSA. Plaintiffs seek to conditionally certify a nationwide collective under section 216 of the FLSA, a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fees and costs.

The Defendants deny that they violated the FLSA in any way and further deny that this case is appropriate for collective treatment.

D. **State the major legal and factual issues anticipated in the case.**

The principal legal issues in this case include: (1) whether Defendants paid Plaintiffs 1.5 times their regular rate for hours worked over 40 hours per week; (2) whether Defendants' conduct and practices were willful; (3) whether the statute of limitations should be two or three years; (4) whether Defendants acted in good faith and with a reasonable belief that their practices were compliant with the FLSA; (5) the amount of damages, if any; and, (6) whether Plaintiffs' claims are appropriate for collective treatment.

E. **Describe the type and calculation of damages, and any other relief sought by the plaintiff(s).**

Plaintiffs seek monetary damages for all unpaid hours worked in excess of 40 per week at 1.5x their regular rates of pay, liquidated damages in an amount equal to their unpaid wages, declaratory judgment that Defendants' practices violated the FLSA and its related regulations, and attorney's fees and costs. Defendants deny that Plaintiffs or the opt-in Plaintiffs are entitled to any relief whatsoever.

F. **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

The Defendants have been served and have filed an Answer.

II. **Pending Motions and Case Plan**

A. There are no pending motions. However, Plaintiffs anticipate filing a motion for conditional certification by May 1, 2024. Defendants request 60 days to file a Response to Plaintiffs anticipated motion for conditional certification.

B. **Do the parties foresee any special issues during discovery?**

No.

C. **Rule 26(f)(2) requires the parties to propose a discovery plan.** *See* **Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.** *See* **Fed. R. Civ. P.**

> **26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**
>
> **1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure. Initial Disclosures will be made by **May 1, 2024.**

> **2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Discovery may be needed on: All of the elements of Plaintiff's claims and Defendants' defenses to those claims; issues related to collective action certification; issues related to willfulness/intent; and damages. Discovery should be completed by December 1, 2024, and should not be conducted in phases. However, however, if the case proceeds as a collective action, the proposed December 1, 2024, discovery deadline will not provide adequate time for class notification and discovery. A realistic discovery deadline cannot be determined until the scope of the case is defined. The parties requests that the Court delay entering a Final Scheduling Order containing a discovery deadline until after a ruling on Plaintiffs' motion for conditional certification.

> **3) Any issues about disclosures, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

4

The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

4) **Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties anticipate that material will be limited to data reasonably available to the parties in the ordinary course of business.

5) **What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed; and**

None known at this time.

6) **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None known at this time.

7) **Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions).**

No expert discovery is anticipated at this time.

III. **Trial**

    A. **Have any of the parties demanded a jury trial?**

    Neither party has requested a jury trial.

    B. **Estimate the length of trial.**

    5-7 days.

IV. **Settlement, Referrals, and Consent**

    A. **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

    No settlement discussions have taken place yet.

    B. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

Not at this time. If informal settlement discussions between the parties are unsuccessful, however, the parties may revisit whether a settlement conference with a Magistrate Judge would be helpful.

    C. **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties do not unanimously consent to the jurisdiction of the Magistrate Judge at this time.

V. **Other**

    A. **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

    Not at this time.

    B. **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

    Not at this time.

| **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|
| Josh Sanford, Esq. (Ark. Bar No. 2001037) | John A. Ybarra, Esq. (Ill. Bar No. 06196983) |
| Sean Short, Esq. (Ark. Bar No. 2015079) | Matthew J. Ruza, Esq. (Ill. Bar No. 6321424) |
| SANFORD LAW FIRM, PLLC | Yara Mroueh, Esq. (Ill. Bar No. 6324386) |

| | |
|---|---|
| Kirkpatrick Plaza<br>10800 Financial Centre Pkwy, Suite 510<br>Little Rock, Arkansas 72211<br>Telephone: (501) 221-0088<br>Facsimile: (888) 787-2040<br>Email: josh@sanfordlawfirm.com<br>Email: sean@sanfordlawfirm.com | LITTLER MENDELSON, P.C.<br>321 North Clark Street, Suite 1100<br>Chicago, Illinois 60654<br>Telephone: (312) 372-5520<br>Facsimile: (312) 372-7880<br>Email: jybarra@littler.com<br>Email: mruza@littler.com<br>Email: ymroueh@littler.com |
| */s/ Josh Sanford*<br>Counsel for Plaintiffs | */s/ John A. Ybarra*<br>Counsel for Defendants |

**CERTIFICATE OF SERVICE**

I, John A. Ybarra, an attorney, hereby certifies that on April 1, 2024, he caused a copy of ***Joint Initial Status Report Under Rule 26(F)*** to be filed with the Clerk of the Court, using the Court's CM/ECF filing system, and served upon the following counsel of record:

Josh Sanford, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

*/s/ John A. Ybarra*
John A. Ybarra