IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**            **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.            No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**            **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

Plaintiffs Jeffery Cabe, Sean Frey, Ronda Rohde, Anita Poteete, Robert Snell, Jeffrey Moore, Elisa Tinnell, Michael Kap, Karen Roberston, Jim Westra, Johnny Ruiz, Archie Robinson, Decoda Keys and Norma Moody ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for their First Amended and Substituted Complaint—Collective Action ("Complaint") against Defendants Evergreen Packaging LLC, and Pactiv Evergreen Inc. (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

4. The purpose of this First Amended and Substituted Complaint—Collective Action is to add Plaintiffs Michael Kap, Karen Robertson, Jim Westra, Johnny Ruiz, Archie Robinson, Decoda Keys and Norma Moody.

## II.     JURISDICTION AND VENUE

5. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

7. Defendants are headquartered in Lake Forest; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District, and a substantial part of the events alleged herein occurred in this District.

9. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.  THE PARTIES

10. Plaintiff Jeffery Cabe is an individual and resident of North Carolina.

11. Plaintiff Sean Frey is an individual and resident of New York.

12. Plaintiff Anita Poteete is an individual and resident of Illinois.

13. Plaintiff Ronda Rohde is an individual and resident of Illinois.

14. Plaintiff Robert Snell is an individual and resident of New York.

15. Plaintiff Jeffrey Moore is an individual and resident of West Virginia.

16. Plaintiff Elisa Tinnell is an individual and resident of South Carolina.

17. Plaintiff Michael Kap is an individual and resident of Pennsylvania.

18. Plaintiff Karen Robertson is an individual and resident of Pennsylvania.

19. Plaintiff Jim Westra is an individual and resident of Michigan.

20. Plaintiff Johnny Ruiz is an individual and resident of Illinois.

21. Plaintiff Archie Robinson is an individual and resident of New York.

22. Plaintiff Decoda Keys is an individual and resident of West Virginia.

23. Plaintiff Norma Moody is an individual and resident of North Carolina.

24. Separate Defendant Evergreen Packaging LLC ("Evergreen"), is a foreign limited liability company registered to do business in Illinois.

25. Evergreen's registered address for service is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

26. Evergreen maintains a website at https://evergreenpackaging.com/.

27. Separate Defendant Pactiv Evergreen Inc. ("Pactiv"), is a foreign, for-profit corporation.

28. Pactiv's registered address for service is Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

29. Pactiv maintains a website at https://pactivevergreen.com/.

## IV.   FACTUAL ALLEGATIONS

30. Evergreen is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

31. Evergreen is a manufacturer of various beverage packaging, paper, and paperboard products. Evergreen is a part of Pactiv Evergreen Inc.[1]

32. Evergreen operates multiple manufacturing facilities worldwide, including facilities in North Carolina, Illinois, New York, West Virginia, South Carolina, Pennsylvania, and Michigan, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

33. Evergreen has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture beverage packaging, paper, and paperboard products.

34. Evergreen's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

---

[1] *The Evergreen Packaging Story*, Evergreen Packaging, https://evergreenpackaging.com/about-us/ (last visited Sept. 7, 2022).

35. Pactiv is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations of this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

36. Pactiv is a manufacturer and distributor of various food service, food merchandising, and beverage merchandising products.

37. Pactiv operates multiple manufacturing and distribution facilities worldwide, including manufacturing facilities in North Carolina, Illinois, New York, West Virginia, South Carolina, Pennsylvania, and Michigan, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

38. Pactiv's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

39. Evergreen and Pactiv jointly operate the manufacturing facilities at which Plaintiffs and the collective members were employed.

40. Defendants, together, have unified control over employees and jointly exercise authority over Plaintiffs and other employees, set the pay policy applicable to Plaintiffs and the others, and control the work schedule of Plaintiffs and the others.

41. Upon information and belief, the revenue generated from Evergreen and Pactiv was merged and managed in a unified manner.

42. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

43. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

44. Defendants employed Plaintiffs as production worker within the three years preceding the filing of this lawsuit.

45. Plaintiff Jeffery Cabe was employed by Defendants as an hourly-paid production worker in Defendants' Canton, North Carolina facility from July of 2021 to September of 2023.

46. Plaintiff Sean Frey was employed by Defendants as an hourly paid production worker in Defendants' Plattsburgh, New York facility from October of 2021 to February of 2023.

47. Plaintiff Anita Poteete was employed by Defendants as an hourly paid production worker in Defendants' Frankfort, Illinois facility from 1989 to February of 2024.

48. Plaintiff Ronda Rohde was employed by Defendants as an hourly-paid production worker in Defendants' St. Charles, Illinois facility from January of 2022 to January 2023.

49. Plaintiff Robert Snell was employed by Defendants as an hourly-paid production worker in Defendants' Canandaigua, New York facility from 1993 to December of 2022.

50. Plaintiff Jeffrey Moore was employed by Defendants as an hourly-paid production worker in Defendants' Mineral Wells, West Virginia facility from August of 2017 to August of 2021.

51. Plaintiff Elisa Tinnell has been employed as an hourly-paid production worker in Defendants' Jackson, South Carolina facility since August 2021.

52. Plaintiff Michael Kap has been employed by Defendants as an hourly-paid production worker in Defendants' Hazelton, Pennsylvania facility since August 2023.

53. Plaintiff Karen Robertson was employed by Defendants as an hourly-paid production worker in Defendants' Mt. Carmel, Pennsylvania facility from August of 2021 to March of 2024.

54. Plaintiff Jim Westra was employed by Defendants as an hourly-paid production worker in Defendants' Kalamazoo, Michigan facility from January of 2020 to August of 2022.

55. Plaintiff Johnny Ruiz was employed by Defendants as an hourly-paid production worker in Defendants' Bedford Park, Illinois facility from January of 2010 to March of 2024.

56. Plaintiff Archie Robinson was employed by Defendants as an hourly-paid production worker in Defendants' Plattsburgh, New York facility from July of 2015 to March of 2024.

57. Plaintiff Decoda Keys was employed by Defendants as an hourly-paid production worker in Defendants' Mineral Wells, West Virginia facility from March of 2022 to November 2023.

58. Plaintiff Norma Moody was employed by Defendants as an hourly-paid production worker in Defendants' Kinston, North Carolina facility from January of 2011 to April of 2023.

59. Defendants classified Plaintiffs as hourly employees, nonexempt from the overtime requirements of the FLSA.

60. Defendants also employed other production workers.

61. Defendants also classified other production workers as hourly employees, nonexempt from the overtime requirements of the FLSA.

62. Defendants directly hired Plaintiffs and other production workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

63. Plaintiffs and other production workers recorded their hours worked via an electronic timekeeping system, which logged their hours into an electronic payroll system maintained by Defendants.

64. Upon information and belief, Defendants rounded hours worked by Plaintiffs and other production workers' hours in Defendants' favor by rounding down in approximately fifteen-minute increments.

65. For example, if a production worked clocked in for 8 hours and 10 minutes, Defendants would round that worker's hours down to exactly 8 hours.

66. Defendants' rounding practice resulted in hours worked by production workers which went unrecorded and uncompensated.

67. Because Plaintiffs and other production workers regularly worked over forty hours in a week, the hours which went uncompensated due to Defendants' rounding practices created overtime violations.

68. Because Plaintiffs and other production workers worked hours which went uncompensated in weeks in which they also worked over forty hours, Defendants failed to pay Plaintiffs and other production workers a lawful overtime premium for all hours worked over forty each week.

69. Defendants knew or should have known that Plaintiffs and other production workers were working additional hours for which they were not compensated.

70. Upon information and belief, Defendants' clock-in and rounding policies were the same for all production workers.

71. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendants' facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

72. At all relevant times herein, Defendants have deprived Plaintiffs and other production workers of regular wages and proper overtime compensation for all of the hours worked over forty per week.

73. Plaintiffs worked over forty hours and therefore incurred damages in most weeks during their employment with Defendants.

74. Specifically but without limitation, Plaintiff Jeffery Cabe worked over forty hours and incurred damages in each of the following weeks: April 3, 2023; April 10, 2023; and April 17, 2023.

75. Specifically but without limitation, Plaintiff Sean Frey worked over forty hours and incurred damages in each of the following weeks: September 12, 2022; September 19, 2022; and September 26, 2022.

76. Specifically but without limitation, Plaintiff Anita Poteete worked over forty hours and incurred damages in each of the following weeks: March 6, 2023; March 13, 2023; and March 20, 2023.

77. Specifically but without limitation, Plaintiff Ronda Rohde worked over forty hours and incurred damages in each of the following weeks: October 10, 2022; October 17, 2022; and October 24, 2022.

78. Specifically but without limitation, Plaintiff Robert Snell worked over forty hours and incurred damages in each of the following weeks: August 1, 2022; August 8, 2022; and August 15, 2022.

79. Specifically but without limitation, Plaintiff Jeffrey Moore worked over forty hours and incurred damages in each of the following weeks: May 3, 2021; May 10, 2021; and May 17, 2021.

80. Specifically but without limitation, Plaintiff Elisa Tinnell worked over forty hours and incurred damages in each of the following weeks: April 17, 2023; April 24, 2023; and March 1, 2023.

81. Specifically but without limitation, Plaintiff Michael Kap worked over forty hours and incurred damages in each of the following weeks: September 18, 2023; September 25, 2023; and October 16, 2023.

82. Specifically but without limitation, Plaintiff Karen Robertson worked over forty hours and incurred damages in each of the following weeks: April 3, 2023; March 20, 2023; and April 17, 2023.

83. Specifically but without limitation, Plaintiff Jim Westra worked over forty hours and incurred damages in each of the following weeks: February 7, 2022; March 14, 2022; and May 9, 2022.

84. Specifically but without limitation, Plaintiff Johnny Ruiz worked over forty hours and incurred damages in each of the following weeks: March 20, 2023; April 17, 2023; and September 25, 2023.

85. Specifically but without limitation, Plaintiff Archie Robinson worked over forty hours and incurred damages in each of the following weeks: April 3, 2023; March 1, 2023; and September 18, 2023.

86. Specifically but without limitation, Plaintiff Decoda Keys worked over forty hours and incurred damages in each of the following weeks: April 24, 2023; May 15, 2023; and September 25, 2023.

87. Specifically but without limitation, Plaintiff Norma Moody worked over forty hours and incurred damages in each of the following weeks: August 15, 2022; September 26, 2022; and October 17, 2022.

88. The net effect of Defendants' rounding practices, as described above, is that Defendants intentionally rounded the hours of Plaintiffs and other production workers in order to avoid paying them for all hours worked.

89. Defendants made no reasonable efforts to ascertain and comply with applicable law.

90. Defendants knew or showed reckless disregard for whether the way they paid Plaintiffs and other production workers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

91. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

who were, are, or will be employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked in excess of forty in any week;

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

92.    Plaintiffs propose the following collective under the FLSA:

> **All hourly-paid production workers who recordedat least 39 hours in any week within the last three years, except those who join *Wallace v. Evergreen Packaging, LLC,* Case No. 4:22-cv-337-KGB (E.D. Ark.) or *Woodall v. Evergreen Packaging, LLC*, Case No. 1:23-cv-459 (N.D. Ill.).[2]**

93.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

94.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

95.    The proposed FLSA collective members are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were subject to Defendants' common policy of rounding their time in favor of Defendants;

    C.    They worked over forty hours in at least one week;

---

[2] Civil cases are currently pending in the United States District Courts for the Eastern District of Arkansas and the Northern District of Illinois against Evergreen Packaging LLC, alleging violations of the FLSA on a collective basis, with collective allegations limited to production facilities in the state of Arkansas. *See Wallace v. Evergreen Packaging, LLC*, No. 4:22-cv-337-KGB (E.D. Ark. filed Apr. 12, 2022); *Woodall v. Evergreen Packaging, LLC*, No. 1:23-cv-459 (N.D. Ill. Filed Jan. 25, 2023).

D.  They were subject to Defendants' common policy of failing to pay proper overtime wages as required by the FLSA; and

E.  They had substantially similar job duties, requirements, and pay provisions.

96. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

97. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

98. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

99. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

100. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

101. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

102. Defendants classified Plaintiffs as nonexempt from the requirements of the FLSA.

103. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiffs for all hours worked, including 1.5x their regular rates of pay for all hours worked in excess of 40 per week.

104. Defendants knew or should have known that their actions violated the FLSA.

105. Defendants' conduct and practices, as described above, were willful.

106. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

107. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

108. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

109. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

110. At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

111. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

112. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

113. Defendants classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

114. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 per week.

115. Defendants deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

116. Defendants knew or should have known that their actions violated the FLSA.

117. Defendants' conduct and practices, as described above, were willful.

118. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations

which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

119. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

120. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jeffery Cabe, Sean Frey, Anita Poteete, Ronda Rohde, Robert Snell, Jeffrey Moore, Elisa Tinnell, Michael Kap, Karen Roberston, Jim Westra, Johnny Ruiz, Archie Robinson, Decoda Keys and Norma Moody, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.  Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.  Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JEFFERY CABE, SEAN FREY, ANITA POTEETE, RONDA ROHDE, ROBERT SNELL, JEFFREY MOORE, ELISA TINNELL, MICHAEL KAP, KAREN ROBERTSON, JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON, DECODA KEYS and NORMA MOODY, Each Individually and on Behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com