# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY CABE, SEAN FREY, ANITA POTEETE, RONDA ROHDE, ROBERT SNELL, JEFFREY MOORE and ELISA TINNELL, MICHAEL KAP, KAREN ROBERTSON, JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON, DECODA KEYS and NORMA MOODY, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVERGREEN PACKAGING LLC and PACTIV EVERGREEN INC.,<br><br>Defendants. | Case No. 1:24-CV-01316<br><br>Hon. John Robert Blakey<br><br>Hon. Jeffrey T. Gilbert |

**DECLARATION OF JENNIFER PESCH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

I, Jennifer Pesch, hereby declare as follows:

1. I am over 18 years of age and competent to testify as to the matters in this Declaration. I have personal knowledge of the facts set forth in this declaration, or I have knowledge of such facts based on my review of the business records and files of Pactiv LLC (the "Company" or "Pactiv"). If called as a witness, I could and would testify competently to such facts contained herein.

2. I am the Human Resources Manager at Pactiv LLC's St. Charles, Illinois location and have been in this role for two years. As the Human Resources Manager, I am responsible for employee relations, compensation, hiring, staffing, compliance, project management, and more.

3. The St. Charles facility operates 24 hours a day, 5-days a week. We are a non-union facility. Prior to the beginning of 2023, the facility operated on two twelve-hour shifts. Currently,

1

we operate three eight-hour shifts. Employees are scheduled for an eight-hour shift, which includes a 30-minute unpaid meal break. However, employees can opt to "make up" the unpaid meal break by clocking in 30-minutes early or clocking out 30-minutes late. Most of our employees opt to do so. In fact, our time records confirm that 86% of our hourly employees opt to "make up" the meal break. In addition, we have implemented a "shift-relief buddy system" to ensure that employees are able to leave their post the moment their relief arrives, and that person is clocked in and ready to work. This ensures that employees are paid for all the time worked.

4. The St. Charles facility utilizes a 7-minute grace period solely for the start and end of employee shifts. This timekeeping practice allows employees to punch-in no more than 7-minutes prior to their scheduled shift-start time and no more than 7-minutes after the end of the scheduled shift time. Employees are not required to work, and to my knowledge, do not perform any work between the time they punch in, and the time of their scheduled shift start. I am unaware of any complaints from employees about working during the 7-minute grace period window. Time punches outside of the 7-minute window are paid to the punch. Similarly, employees who opt to "make up" their 30-minute meal break and clock in early (i.e., most employees) are not subject to the 7-minute grace period and are entirely paid to the punch. The 7-minute grace period is meant to provide a short window of time for employees to punch-in so that they are prepared to begin their work at the start of their scheduled shift time.

5. The facility currently employs 195 hourly employees. There are no salaried, nonexempt employees.

6. I am unaware of any employees performing work off-the-clock and no employee has complained to me about working off-the-clock at any point during my tenure with the Company. I recall that Ms. Ronda Rohde worked at the St. Charles facility for approximately a

2

year as a press operator before resigning from her position. Ms. Rohde occasionally opted to "make up" the 30-minute meal break, and, along with everyone else who did so, was paid to the punch for those shifts and paid for all time worked. On the days where Ms. Rohde did not "make up" the 30-minutes, she regularly punched-in significantly earlier than the 7-minute grace window – she frequently punched in 15-minutes before the start of her scheduled shift time. As is our policy when an employee punches in before the grace window, Ms. Rohde was paid to the punch for those shifts. There is no record of Ms. Rohde ever making a complaint of not getting paid for all of her work or of having to perform off-the-clock work.

7. If there is ever any issue with a missed punch or time adjustment, an employee can notify a supervisor, who will then adjust the time accordingly. The employee's time is then changed to reflect the hours they worked.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and that I would so testify if called upon to do so in this matter.

Executed this 28 day of June 2024 in St. Charles Illinois.

_____
Jennifer Pesch

3