# Exhibit I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JEFFREY CABE, SEAN FREY, ANITA POTEETE, RONDA ROHDE, ROBERT SNELL, JEFFREY MOORE and ELISA TINNELL, MICHAEL KAP, KAREN ROBERTSON, JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON, DECODA KEYS and NORMA MOODY, Each Individually and on Behalf of All Others Similarly Situated,** | |
| Plaintiffs, | Case No. 1:24-CV-01316 |
| | Hon. John Robert Blakey |
| v. | Hon. Jeffrey T. Gilbert |
| **EVERGREEN PACKAGING LLC and PACTIV EVERGREEN INC.,** | |
| Defendants. | |

### DECLARATION OF MATTHEW RUZA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

I, Matthew J. Ruza, am over the age of eighteen and do hereby swear, affirm, and attest as follows, based upon my personal knowledge of the matters contained herein:

1.      I am one of the attorneys representing Defendants in this matter and have personal knowledge of the pleadings and discovery conducted to date in this case.

2.      On May 15, 2024, Defendants served Interrogatories and Requests to Produce on Plaintiffs.

3.      On June 14, 2024, Defendants received Answers to Interrogatories and Responses to Request to Produce from the Plaintiffs.

4.      Plaintiff Michael Kapolka's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 1**.

1

5.       Plaintiff Elisa Tinnell's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 2**.

6.       Plaintiff Sean Frey's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 3**.

7.       Plaintiff Johnny Ruiz's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 4**.

8.       Plaintiff Jim Westra's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 5**.

9.       Plaintiff Robert Snell's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 6**.

10.      Plaintiff Ronda Rohde's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 7**.

11.      Plaintiff Norma Moody's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 8**.

12.      Plaintiff Jeffrey Cabe's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 9**.

13.      Plaintiff Decoda Key's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 10**.

14.      Plaintiff Anita Poteete's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 11**.

15.      Plaintiff Archie Robinson's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 12**.

16.     Plaintiff Karen Robertson's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 13**.

17.     Plaintiff Jeffrey Moore's Answers to Interrogatories were served on June 14, 2024. Attached hereto as **Exhibit 14**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and understanding.

Executed this 1st day of July, 2024.

/s/Matthew J. Ruza
Matthew J. Ruza

## CERTIFICATE OF SERVICE

The undersigned, an attorney hereby certifies that on July 1, 2024, he caused a true and correct copy of the foregoing *Declaration of Matthew Ruza* to be served via email upon the following counsel of record:

Josh Sanford, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211

josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

*/s/ John A. Ybarra*
John A. Ybarra

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**     **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                              No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**                **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### <u>PLAINTIFF MICHAEL KAP'S ANSWERS TO<br>DEFENDATS' FIRST SET OF INTERROGATORIES</u>

Plaintiff Michael Kap, by and through his attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories, hereby states as follows:

**<u>INTERROGATORY NO 1:</u>** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**<u>ANSWER NO. 1:</u>** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

Page 1 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Michael Kap's Answers to
Defendants' First Set of Interrogatories

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit,

**Page 2 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: anytime Plaintiff was clocked in which is not reflected on her hours worked. His pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it

**Page 3 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: these tasks could include any of the tasks I regularly performed throughout the day.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in before the scheduled start of your shift.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know Defendants consistently paid other production workers for fewer hours than they had worked.

**Page 4 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

**INTERROGATORY NO 8:** Identify any other production workers you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Hazelton, Pennsylvania facility.

**INTERROGATORY NO 9:** Identify any other production workers you observed work more hours than those scheduled to work, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Hazelton, Pennsylvania facility.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time

Page 5 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Michael Kap's Answers to
Defendants' First Set of Interrogatories

and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Hazelton, Pennsylvania facility.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)     the date of the workweek;

**Page 6 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

(b)      the total number of hours that you claim to have worked that week;

(c)      the total amount of overtime wages that you claim to be owed for that week;

(d)      the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)      a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)      any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England*

**Page 7 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

*Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market,*

Page 8 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Michael Kap's Answers to
Defendants' First Set of Interrogatories

*Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

**Page 9 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item

Page 10 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Michael Kap's Answers to
Defendants' First Set of Interrogatories

of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of

**Page 11 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer

fails to meet this burden, the court may award damages to the employee "even though

the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context

because any imprecision in the calculation of damages ultimately stems from the

employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*,

121 F.3d at 69 (noting that a "rule preventing employees from recovering for

uncompensated work because they are unable to determine precisely the amount due

would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d

1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back

wages will not be barred for imprecision where it arises from the employer's failure to

keep records as required by the FLSA".). In such circumstances, the district court must

simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616

F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market,*

*Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in

determining the most accurate amount to be awarded" where an employer's records are

inaccurate). The glue that binds in order to offer representative testimony on damages is

that "the representative employee performed substantially similar, if not identical, work to

the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951

(4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated,"

this does not mean they must establish that they are "identically situated.")

**Page 12 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**Page 13 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id*. (citation omitted). *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for,

**Page 14 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

*inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF MICHAEL KAP**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 15 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 16 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Michael Kap's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**          **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                              No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**                         **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### PLAINTIFF ELISA TINNELL'S ANSWERS TO
### DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Elisa Tinnell, by and through her attorneys Josh Sanford and Sean Short

of Sanford Law Firm, PLLC, for her Answers to Defendants' First Set of Interrogatories,

hereby states as follows:

### INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these

responses and provide a telephone number and business or personal residence address

at which that person can be reached.


**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information

protected by third parties' constitutional, statutory and/or common law rights to privacy.

Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the  Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: anytime Plaintiff was clocked in which is not reflected on her hours worked. Her pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: these tasks could include any of the tasks I regularly performed throughout the day.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

**Page 4 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 7:**   Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Jackson, South Carolina plant.

**Page 5 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Jackson, South Carolina plant.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Jackson, South Carolina plant.

**Page 6 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)     the date of the workweek;

(b)     the total number of hours that you claim to have worked that week;

(c)     the total amount of overtime wages that you claim to be owed for that week;

(d)     the name and job title of any person(s) that has knowledge of the hours that you worked that week;

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee

Page 8 of 17
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My pay stubs and clock-in and clock-out records would reflect this information.

**Page 9 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

"intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

**Page 13 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty per week for all weeks in which she was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to her unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 15**: Objection.  This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked."  *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc*., 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on

**Page 15 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF ELISA TINNELL**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 17 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Elisa Tinnell's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**                    **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                              No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**                              **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### PLAINTIFF SEAN FREY'S ANSWERS TO
### DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Sean Frey, by and through his attorneys Josh Sanford and Sean Short of

Sanford Law Firm, PLLC, for his Answers to Defendants'' First Set of Interrogatories,

hereby states as follows:

### INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these

responses and provide a telephone number and business or personal residence address

at which that person can be reached.


**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information

protected by third parties' constitutional, statutory and/or common law rights to privacy.

Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a) describe the relevant knowledge or information he/she possesses;

(b) describe his/her relationship to you; and

(c)  identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: my co-workers, including my manager and those that worked in HR.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was always paid for my scheduled shift time as opposed to all of the hours that I worked.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: these tasks could include any of the tasks I regularly performed throughout the day.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information

Page 4 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Sean Frey's Answers to
Defendants' First Set of Interrogatories

that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to perform a shift changeover meeting.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: This was regularly discussed among my co-workers and managers because we regularly complained about it.

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**Page 5 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Ricky St. Germain, packing department, William Fink, packing department, Amy St. Germain packing department, Austin Combs, machine tender, all at Plattsburgh, NY facility.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Plaintiff incorporates his answer to Interrogatory No. 8.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

Page 6 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Sean Frey's Answers to
Defendants' First Set of Interrogatories

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Plaintiff incorporates his answer to Interrogatory No. 8.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, our time sheets did not reflect the correct time that we clocked in. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)    the date of the workweek;

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

(b)      the total number of hours that you claim to have worked that week;

(c)      the total amount of overtime wages that you claim to be owed for that week;

(d)      the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)      a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)      any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England*

**Page 8 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

*Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market,*

Page 9 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Sean Frey's Answers to
Defendants' First Set of Interrogatories

*Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item

Page 11 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Sean Frey's Answers to
Defendants' First Set of Interrogatories

of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer

fails to meet this burden, the court may award damages to the employee "even though

the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context

because any imprecision in the calculation of damages ultimately stems from the

employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*,

121 F.3d at 69 (noting that a "rule preventing employees from recovering for

uncompensated work because they are unable to determine precisely the amount due

would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d

1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back

wages will not be barred for imprecision where it arises from the employer's failure to

keep records as required by the FLSA".). In such circumstances, the district court must

simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616

F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market,*

*Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in

determining the most accurate amount to be awarded" where an employer's records are

inaccurate). The glue that binds in order to offer representative testimony on damages is

that "the representative employee performed substantially similar, if not identical, work to

the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951

(4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated,"

this does not mean they must establish that they are "identically situated.")

**Page 13 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id*. (citation omitted). *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for,

**Page 15 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

*inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF SEAN FREY**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Page 16 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Sean Frey's Answers to
Defendants' First Set of Interrogatories

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 17 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Sean Frey's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**                     **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                          No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**                          **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### PLAINTIFF JOHNNY RUIZ'S ANSWERS TO
### DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Johnny Ruiz, by and through his attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories, hereby states as follows:

### INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

Page 1 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Johnny Ruiz's Answers to
Defendants' First Set of Interrogatories

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a) describe the relevant knowledge or information he/she possesses;

(b) describe his/her relationship to you; and

(c) identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the  Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**Page 3 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: anytime Plaintiff was clocked in which is not reflected on her hours worked. His pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: these tasks could include any of the tasks I regularly performed throughout the day.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in before the scheduled start of your shift.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

Page 4 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Johnny Ruiz's Answers to
Defendants' First Set of Interrogatories

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know Defendants consistently paid other production workers for fewer hours than they had worked.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

**INTERROGATORY NO 8:** Identify any other production workers you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Bedford Park, Illinois facility.

**INTERROGATORY NO 9:** Identify any other production workers you observed work more hours than those scheduled to work, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

**Page 5 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Bedford Park, Illinois facility.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the Bedford Park, Illinois facility.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or

**Page 6 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)    the date of the workweek;

(b)    the total number of hours that you claim to have worked that week;

(c)    the total amount of overtime wages that you claim to be owed for that week;

(d)    the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)    a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)    any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**Page 7 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

**Page 8 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

Page 9 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Johnny Ruiz's Answers to
Defendants' First Set of Interrogatories

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC,* No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language

**Page 10 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their

**Page 11 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616

Page 12 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Johnny Ruiz's Answers to
Defendants' First Set of Interrogatories

F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees

**Page 13 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social

**Page 14 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id.* (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id.* (citation omitted). *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

**Page 15 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

Respectfully submitted,

**PLAINTIFF JOHNNY RUIZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 16 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Johnny Ruiz's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**          **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                    No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**          **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

<u>**PLAINTIFF JIM WESTRA'S ANSWERS TO**</u>
<u>**DEFENDANTS' FIRST SET OF INTERROGATORIES**</u>

Plaintiff Jim Westra, by and through his attorneys Josh Sanford and Sean Short of

Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories,

hereby states as follows:

<u>**INTERROGATORIES**</u>

<u>**INTERROGATORY NO 1:**</u> Identify any person who assisted in preparing these

responses and provide a telephone number and business or personal residence address

at which that person can be reached.

<u>**ANSWER NO. 1:**</u> Plaintiff objects that this interrogatory seeks information

protected by third parties' constitutional, statutory and/or common law rights to privacy.

Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the  Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it

**Page 3 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in before the scheduled start of your shift.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know Defendants consistently paid other production workers for fewer hours than they had worked.

**Page 4 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

**INTERROGATORY NO 8:** Identify any other production workers you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

**INTERROGATORY NO 9:** Identify any other production workers you observed work more hours than those scheduled to work, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

Page 5 of 16
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

       (a)     the date of the workweek;

       (b)     the total number of hours that you claim to have worked that week;

       (c)     the total amount of overtime wages that you claim to be owed for that week;

**Page 6 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

(d)     the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and

Page 7 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jim Westra's Answers to
Defendants' First Set of Interrogatories

produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

**Page 8 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was

**Page 9 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

"intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**Page 10 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

**Page 11 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

**Page 12 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**<u>INTERROGATORY NO 15:</u>** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**Page 13 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 15**: Objection.  This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites,'" including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked."  *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at \*10-\*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at \*1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at \*7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on

Page 14 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jim Westra's Answers to
Defendants' First Set of Interrogatories

Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF JIM WESTRA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 15 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jim Westra's Answers to**
**Defendants' First Set of Interrogatories**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

Page 16 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jim Westra's Answers to
Defendants' First Set of Interrogatories

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**             **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.                 No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**            **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

**PLAINTIFF ROBERT SNELL'S ANSWERS TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Robert Snell, by and through his attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories, hereby states as follows:

**INTERROGATORIES**

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

Page 2 of 18
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Robert Snell's Answers to
Defendants' First Set of Interrogatories

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: my co-workers, specifically, my supervisor Sean McCall and Tina Duvall, who worked in HR.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 3 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I believe this was a regular occurrence.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: these tasks could include any of the tasks I regularly performed throughout the day.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**Page 4 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to be at work 15 minutes before my scheduled shift and I would converse with the person I was taking over for in order to learn what happened during their shift.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: This was a topic that was regularly discussed among the other employees and with HR and HR would dismiss our concerns.

**Page 5 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Mary Mason and Jason Lampiere in the MFPP department at the Canandaigua, New York facility.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Mary Mason, Jason Lampiere, and Joe Jackson in the MFPP department at the Canandaigua, New York facility.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of

**Page 6 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Mary Mason, Jason Lampiere, and Joe Jackson in the MFPP department at the Canandaigua, New York facility because I either discussed this with them or observed the hours they worked.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**Page 7 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, our time sheets did not reflect the correct time that we clocked in. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation.  For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

      (a)    the date of the workweek;

      (b)    the total number of hours that you claim to have worked that week;

      (c)    the total amount of overtime wages that you claim to be owed for that week;

      (d)    the name and job title of any person(s) that has knowledge of the hours that you worked that week;

**Page 8 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee

Page 9 of 18
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Robert Snell's Answers to
Defendants' First Set of Interrogatories

establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My pay stubs and clock-in and clock-out records would reflect this information.

**Page 10 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was

**Page 11 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

"intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**Page 12 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

**Page 13 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

**Page 14 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**<u>INTERROGATORY NO 15:</u>** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**Page 15 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 15**: Objection.  This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked."  *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on

**Page 16 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF ROBERT SNELL**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 17 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 18 of 18**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Robert Snell's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**        **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.                 No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**           **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

## PLAINTIFF RONDA ROHDE'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Ronda Rohde, by and through her attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for her Answers to Defendants' First Set of Interrogatories, hereby states as follows:

## INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

Page 1 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Ronda Rohde's Answers to
Defendants' First Set of Interrogatories

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the  Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**Page 3 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: anytime Plaintiff was clocked in which is not reflected on her hours worked. Her pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 4 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the St. Charles, Illinois plant.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your

Page 5 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Ronda Rohde's Answers to
Defendants' First Set of Interrogatories

Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the St. Charles, Illinois plant.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: this occurred at the St. Charles, Illinois plant.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**Page 6 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)     the date of the workweek;

(b)     the total number of hours that you claim to have worked that week;

(c)     the total amount of overtime wages that you claim to be owed for that week;

(d)     the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

**Page 7 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the

**Page 8 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names,

Page 9 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Ronda Rohde's Answers to
Defendants' First Set of Interrogatories

telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

**Page 10 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an

**Page 11 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due

**Page 12 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty per week for all weeks in which she was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

**Page 13 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

Plaintiff also seeks liquidated damages in an amount equal to her unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15:** Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job

**Page 14 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id*. (citation omitted). *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting

Page 15 of 16
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Ronda Rohde's Answers to
Defendants' First Set of Interrogatories

*Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF RONDA ROHDE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June 14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 16 of 16**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Ronda Rohde's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**          **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                    No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**          **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### PLAINTIFF NORMA MOODY'S ANSWERS TO
### DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Norma Moody by and through her attorneys Josh Sanford and Sean Short

of Sanford Law Firm, PLLC, for her Answers to Defendants' First Set of Interrogatories,

hereby states as follows:

### INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these

responses and provide a telephone number and business or personal residence address

at which that person can be reached.


**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information

protected by third parties' constitutional, statutory and/or common law rights to privacy.

Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, I looked at the names of the contacts saved in my phone.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)     identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession

**Page 2 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows:

Sadie (secretary to HR), my supervisor, the HR person Sophie, co-workers, Carlton Armond (a lead in the Quality department) and Osha Suri (the head of Quality).

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: this could occur when I clocked in before my scheduled shift time.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: These are the same tasks that I was required to perform during my scheduled shift.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in before the scheduled start of your shift.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information

Page 4 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Norma Moody's Answers to
Defendants' First Set of Interrogatories

that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I would need to talk to the person I was taking over for to discuss what happened during their shift and I would also have to stay after my shift if there was a problem or if my relief was late.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know Defendants consistently paid other production workers for fewer hours than they had worked.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I recall discussing this with my co-workers in the quality department.

**INTERROGATORY NO 8:** Identify any other production workers you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Jannie

Page 5 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Norma Moody's Answers to
Defendants' First Set of Interrogatories

Williams, Sharron Cox and Sharron Belcher. These individuals worked with me in the quality department at the Kinston, North Carolina plant.

**INTERROGATORY NO 9:** Identify any other production workers you observed work more hours than those scheduled to work, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Sharron Belcher. She worked with me in the quality department at the Kinston, North Carolina plant.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Plaintiff incorporates her answers to Interrogatories 8 and 9.

**Page 6 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, my pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)     the date of the workweek;

(b)     the total number of hours that you claim to have worked that week;

(c)     the total amount of overtime wages that you claim to be owed for that week;

(d)     the name and job title of any person(s) that has knowledge of the hours that you worked that week;

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee

Page 8 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Norma Moody's Answers to
Defendants' First Set of Interrogatories

establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: my pay stubs and clock-in and clock-out records would reflect this information.

**Page 9 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

"intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

**Page 13 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty per week for all weeks in which she was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to her unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 15**: Objection.  This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked."  *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc*., 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on

Page 15 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Norma Moody's Answers to
Defendants' First Set of Interrogatories

Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2).  Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF NORMA MOODY**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*       
**Josh Sanford**

**Page 17 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Norma Moody's Answers to**
**Defendants' First Set of Interrogatories**

# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**      **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.            No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**        **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### PLAINTIFF JEFFREY CABE'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Jeffery Cabe, by and through his attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories, hereby states as follows:

### INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

Page 2 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Cabe's Answers to
Defendants' First Set of Interrogatories

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the  Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: my supervisor Blain Vanhook. He scheduled shifts and completed paperwork.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was always paid for my scheduled shift time as opposed to all of the hours that I worked.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to attend shift meetings prior to being allowed to clock in. I also performed my regular work tasks outside of my scheduled shift.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

Page 4 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Cabe's Answers to
Defendants' First Set of Interrogatories

Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: This work could be pre-shift meetings as well as the work I would perform at my station during my shift.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I recall overhearing conversations with my co-workers.

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support

**Page 5 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Kevin Gibson, a co-worker of mine at the Canton, North Carolina facility in both the tall oil and evaporator departments.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Kevin Gibson and Tyler Lanning. The both worked in the tall oil and evaporator departments at the Canton, North Carolina facility.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the

**Page 6 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Kevin Gibson and Tyler Lanning. The both worked in the tall oil and evaporator departments at the Canton, North Carolina facility.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

      (a)    the date of the workweek;

      (b)    the total number of hours that you claim to have worked that week;

      (c)    the total amount of overtime wages that you claim to be owed for that week;

      (d)    the name and job title of any person(s) that has knowledge of the hours that you worked that week;

      (e)    a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

      (f)    any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946).

Page 8 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Cabe's Answers to
Defendants' First Set of Interrogatories

In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back

Page 9 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Cabe's Answers to
Defendants' First Set of Interrogatories

wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows:

I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state,

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to

**Page 13 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because

Page 14 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Cabe's Answers to
Defendants' First Set of Interrogatories

attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g*., Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social

**Page 15 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

media posts." *Id.* (citation omitted). *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

Respectfully submitted,

**PLAINTIFF JEFFERY CABE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 17 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Cabe's Answers to**
**Defendants' First Set of Interrogatories**

Exhibit 10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**        **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                 No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**           **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

<u>**PLAINTIFF DECODA KEYS' ANSWERS TO**</u>
<u>**DEFENDANTS' FIRST SET OF INTERROGATORIES**</u>

Plaintiff Decoda Keys, by and through his attorneys Josh Sanford and Sean Short

of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories,

hereby states as follows:

<u>**INTERROGATORIES**</u>

<u>**INTERROGATORY NO 1:**</u> Identify any person who assisted in preparing these

responses and provide a telephone number and business or personal residence address

at which that person can be reached.

<u>**ANSWER NO. 1:**</u> Plaintiff objects that this interrogatory seeks information

protected by third parties' constitutional, statutory and/or common law rights to privacy.

Plaintiff also objects to this request to the extent that it seeks confidential and private

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a) describe the relevant knowledge or information he/she possesses;

(b) describe his/her relationship to you; and

(c) identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: the individuals that worked with me would know about my hours and pay.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was always paid for my scheduled shift time as opposed to all of the hours that I worked.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to arrive 15 to 25 minutes before my shift to have a pre-shit meeting. At the end of my shift I was required to monitor machines and clean my workspace but I wasn't allowed to leave until my relief showed up. This could last between 15 and 30 minutes and was a regular occurrence.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in before the scheduled start of your shift.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: This work could be pre-shift meetings as well as the work I would perform at my station during my shift.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know Defendants consistently paid other production workers for fewer hours than they had worked.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I recall having conversations and overhearing conversations with my co-workers. I worked in two different departments and this was discussed in both departments.

**INTERROGATORY NO 8:** Identify any other production workers you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

Subject to and without waiving the foregoing objection, Plaintiff states as follows: I cannot recall specific names but these conversations occurred at the Mineral Wells, West Virginia facility in both the packing department and the extrusion department.

**INTERROGATORY NO 9:** Identify any other production workers you observed work more hours than those scheduled to work, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I cannot recall specific names but they were my co-workers at the Mineral Wells, West Virginia facility.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I cannot recall specific names but they were my co-

workers at the Mineral Wells, West Virginia facility. They were working in both the packing and extrusion departments. I know this based on my personal observations and discussions with them.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

    (a)    the date of the workweek;

    (b)    the total number of hours that you claim to have worked that week;

(c)     the total amount of overtime wages that you claim to be owed for that week;

(d)     the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174

(D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in

determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item

of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of

the inference to be drawn from the employee's evidence". *Id.* at 687-88.  If the employer

fails to meet this burden, the court may award damages to the employee "even though

the result be only approximate".  *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context

because any imprecision in the calculation of damages ultimately stems from the

employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*,

121 F.3d at 69 (noting that a "rule preventing employees from recovering for

uncompensated work because they are unable to determine precisely the amount due

would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d

1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back

wages will not be barred for imprecision where it arises from the employer's failure to

keep records as required by the FLSA".).  In such circumstances, the district court must

simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616

F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market,*

*Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in

determining the most accurate amount to be awarded" where an employer's records are

inaccurate).  The glue that binds in order to offer representative testimony on damages is

that "the representative employee performed substantially similar, if not identical, work to

the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951

(4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated,"

this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15:** Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id.* (citations omitted). In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id.* (citation omitted). *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for,

*inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF DECODA KEYS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*

**Josh Sanford**

Exhibit 11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**             **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**


vs.                 No. 1:24-cv-1316


**EVERGREEN PACKAGING LLC,**             **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### <u>PLAINTIFF ANITA POTEETE'S ANSWERS TO</u> <u>DEFENDANTS' FIRST SET OF INTERROGATORIES</u>

Plaintiff Anita Poteete, by and through her attorneys Josh Sanford and Sean Short

of Sanford Law Firm, PLLC, for her Answers to Defendants' First Set of Interrogatories,

hereby states as follows:

### **<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO 1:</u>** Identify any person who assisted in preparing these

responses and provide a telephone number and business or personal residence address

at which that person can be reached.


**<u>ANSWER NO. 1:</u>** Plaintiff objects that this interrogatory seeks information

protected by third parties' constitutional, statutory and/or common law rights to privacy.

Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

    (a)    describe the relevant knowledge or information he/she possesses;

    (b)    describe his/her relationship to you; and

    (c)    identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Kevin Johnson. He is a supervisor and does attendance.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My scheduled shift time and my clock in time do not match.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: On days that we had safety meetings before our shift Defendants did not allow us to clock in before 6:23 a.m.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in before the scheduled start of your shift.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 4 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: On days that we had safety meetings before our shift Defendants did not allow us to clock in before 6:23 a.m.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know Defendants consistently paid other production workers for fewer hours than they had worked.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I recall overhearing conversations other production workers were having in which they complained about their pay and told others that they needed to be cautious about their paychecks.

**INTERROGATORY NO 8:** Identify any other production workers you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I only

Page 5 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Anita Poteete's Answers to
Defendants' First Set of Interrogatories

overheard other conversations about this subject. The conversations occurred in the production department of the Frankfort, Illinois facility.

**INTERROGATORY NO 9:** Identify any other production workers you observed work more hours than those scheduled to work, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I do not know their names but they would be individuals that worked in the production department with me.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I do not know their names but they would be individuals that worked in the production department with me.

**Page 6 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, my pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

      (a)    the date of the workweek;

      (b)    the total number of hours that you claim to have worked that week;

      (c)    the total amount of overtime wages that you claim to be owed for that week;

      (d)    the name and job title of any person(s) that has knowledge of the hours that you worked that week;

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee

Page 8 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Anita Poteete's Answers to
Defendants' First Set of Interrogatories

establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, my pay stubs and clock-in and clock-out records would reflect this information.

**Page 9 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

"intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

**Page 13 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty per week for all weeks in which she was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to her unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 15**: Objection.  This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked."  *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on

Page 15 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Anita Poteete's Answers to
Defendants' First Set of Interrogatories

Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

Respectfully submitted,

**PLAINTIFF ANITA POTEETE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Anita Poteete's Answers to**
**Defendants' First Set of Interrogatories**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

Page 17 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Anita Poteete's Answers to
Defendants' First Set of Interrogatories

# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**                     **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.                     No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**                                 **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

## PLAINTIFF ARCHIE ROBINSON'S ANSWERS TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Archie Robinson, by and through his attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories, hereby states as follows:

## INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

Page 1 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Archie Robinson's Answers to
Defendants' First Set of Interrogatories

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a) describe the relevant knowledge or information he/she possesses;

(b) describe his/her relationship to you; and

(c) identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Jeff Winch, who was a co-worker of mine, and Mike (last name unknown), who was also a co-worker.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was always paid for my scheduled shift time as opposed to all of the hours that I worked.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to attend meetings outside of my scheduled shift and I would also have to wait on my relief to show up before I could leave.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**Page 4 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to attend meetings outside of my scheduled shift.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I recall having conversations about this with my coworkers and with managers.

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support

**Page 5 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Jeff Winch, Mike (last name unknown), Jovan (last name unknown), Kenrick (last name unknown). All of these individuals worked with me at the Plattsburg, New York facility.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Angel, Claffey, Jim, Mark and George; I do not know their last names. They all worked at the Plattsburgh facility and they were mostly mechanics.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time

Page 6 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Archie Robinson's Answers to
Defendants' First Set of Interrogatories

and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: Angel, Claffey, Jim, Mark and George; I do not know their last names. They all worked at the Plattsburgh facility and they were mostly mechanics. I know this based on my observations of them working and my conversations with them.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, regardless of what time I clocked in Defendants would only pay me for my scheduled hours.

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation.  For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)    the date of the workweek;

(b)    the total number of hours that you claim to have worked that week;

(c)    the total amount of overtime wages that you claim to be owed for that week;

(d)    the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)    a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)    any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an

**Page 8 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due

Page 9 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Archie Robinson's Answers to
Defendants' First Set of Interrogatories

would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was only every paid for my scheduled shift regardless of when I clocked in or clocked out. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions"

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are

Page 13 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Archie Robinson's Answers to
Defendants' First Set of Interrogatories

inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted). In addition, the court found that the

**Page 15 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id*. (citation omitted). *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Archie Robinson's Answers to**
**Defendants' First Set of Interrogatories**

Respectfully submitted,

**PLAINTIFF ARCHIE ROBINSON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

Page 17 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Archie Robinson's Answers to
Defendants' First Set of Interrogatories

Exhibit 13

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**      **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.                          No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**      **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

## PLAINTIFF JEFFREY MOORE'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Jeffrey Moore, by and through his attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for his Answers to Defendants' First Set of Interrogatories, hereby states as follows:

## INTERROGATORIES

**INTERROGATORY NO 1:** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**ANSWER NO. 1:** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

Page 1 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Moore's Answers to
Defendants' First Set of Interrogatories

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)     describe the relevant knowledge or information he/she possesses;

(b)     describe his/her relationship to you; and

(c)      identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

**Page 2 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My managers should have knowledge. I had three different managers but I do not recall their names.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I believe this occurred every pay period.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to complete paperwork and attend pre-shit meetings before my scheduled shift.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 20 minutes before the scheduled start of your shift, as described in Paragraphs 9 and 12 of your Declaration in Support of your Motion for Conditional Certification.

**Page 4 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was required to complete paperwork and attend pre-shit meetings before my scheduled shift. I would also talk to the other operators before they left about the machines and if anything out of the ordinary happened during the shift.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 14 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I recall having conversations with my co-workers and managers about this.

**Page 5 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours than those worked, as described in Paragraphs 14 and 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I can't recall their names but they were operators at the Mineral Wills, West Virginia location and they worked in the egg crate department with me.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 15 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I can't recall their names but they were the people that relieved me and that I relieved in my department at the Mineral Wills, West Virginia location.

**Page 6 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: They worked in the egg crate department at the Mineral Wells, WV facility. I recall having conversations with them.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, I was only paid for my scheduled shift regardless of the

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

   (a)   the date of the workweek;

   (b)   the total number of hours that you claim to have worked that week;

   (c)   the total amount of overtime wages that you claim to be owed for that week;

   (d)   the name and job title of any person(s) that has knowledge of the hours that you worked that week;

   (e)   a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

   (f)   any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**Page 8 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

**Page 9 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows:

I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind.*

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

*Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case. Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946).

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back

Page 13 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Jeffrey Moore's Answers to
Defendants' First Set of Interrogatories

wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over forty per week for all weeks in which he was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to his unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc.*, 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in

**Page 15 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

*Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked."  *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc.*, CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1).  "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2).  Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

Respectfully submitted,

**PLAINTIFF JEFFREY MOORE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 17 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Jeffrey Moore's Answers to**
**Defendants' First Set of Interrogatories**

Exhibit 14

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY, ANITA POTEETE,**        **PLAINTIFFS**
**RONDA ROHDE, ROBERT SNELL,**
**JEFFREY MOORE, ELISA TINNELL,**
**MICHAEL KAP, KAREN ROBERTSON,**
**JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON,**
**DECODA KEYS and NORMA MOODY, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.             No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**           **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

## <u>PLAINTIFF KAREN ROBERTSON'S ANSWERS TO<br>DEFENDATS' FIRST SET OF INTERROGATORIES</u>

Plaintiff Karen Roberston, by and through her attorneys Josh Sanford and Sean Short of Sanford Law Firm, PLLC, for her Answers to Defendants' First Set of Interrogatories, hereby states as follows:

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO 1:</u>** Identify any person who assisted in preparing these responses and provide a telephone number and business or personal residence address at which that person can be reached.

**<u>ANSWER NO. 1:</u>** Plaintiff objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Plaintiff also objects to this request to the extent that it seeks confidential and private

**Page 1 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

information related to non-parties to this litigation to which Defendants are not entitled to under the discovery rules. Subject to the foregoing, Plaintiff's counsel.

**INTERROGATORY NO 2:** Identify all documents, electronically stored information, and tangible things used, relied upon, or referenced in preparing your answers to these Interrogatories.

**ANSWER NO. 2:** Objection. Plaintiff objects to this Request to the extent that it seeks information protected by Attorney-Client Privilege or the Attorney Work-Product Doctrine or both. Subject to the foregoing, none.

**INTERROGATORY NO 3:** Identify all persons who you believe have knowledge or information relevant to the allegations in your Complaint and/or the defenses in Defendants' Answer, irrespective of whether you intend to call such person as a witness, and for each person identified:

(a)    describe the relevant knowledge or information he/she possesses;

(b)    describe his/her relationship to you; and

(c)     identify all documents, electronically stored information, and tangible things in his/her possession, custody, or control relevant to the allegations in your Complaint.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome to the extent that it requests Plaintiff produce knowledge that is not within Plaintiff's own possession and not related to this lawsuit. Plaintiff further objects to the extent that this Interrogatory

Page 2 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Karen Robertson's Answers to
Defendants' First Set of Interrogatories

seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to identify all persons, including, but not limited to any former or current employees of Defendants whether or not a party to this lawsuit, who possess facts or knowledge that Plaintiff contends is relevant to any allegations made in the Complaint, and for each person, his or her name, address, and telephone number, and to describe in full and complete detail all issues, allegations or claims contained in the Complaint as to which each such person possesses facts or knowledge. Additionally, determining whether or not something is related to the allegations and claims contained in the Complaint is subject to interpretation. Furthermore, Plaintiff cannot reasonably be expected to describe in detail the nature and substance of any such knowledge outside of Plaintiff's own.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Technicians and HR leads. Specifically, John Pfistner, an HR lead, and Andrew Leeman, a technician.

**INTERROGATORY NO 4:** Provide each instance during your employment with Pactiv, LLC during the relevant time period when you were paid according to your scheduled shift time as opposed to all of the hours you allegedly worked.

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as

**Page 3 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: This occurred every shift.

**INTERROGATORY NO 5:** Identify all work tasks that you claim you were required to perform without receiving any or all required compensation, the amount of time that it took you to perform each such task, when you performed such tasks, and the frequency with which you performed such task (i.e., daily, weekly, monthly, quarterly, or otherwise as you specify), and the average total number of minutes to perform such task.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Before every shift I was required to put on my uniform and gear before I was allowed to clock-in.

**INTERROGATORY NO 6:** Describe, in detail, the work you alleged you perform while clocked in 10 to 15 minutes before the scheduled start of your shift, as described in Paragraph 9 of your Declaration in Support of your Motion for Conditional Certification.

**Page 4 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Putting on my gear and uniform as well as attending shift meetings before my shift.

**INTERROGATORY NO 7:** Describe, in detail, the basis for your allegation that you know "that Defendants consistently paid other production workers for fewer hours than they had worked because I discussed this issue with other employees, and because I saw other employees clocking in and starting to work before their scheduled shifts," as described in Paragraph 11 of your Declaration in Support of your Motion for Conditional Certification.

**ANSWER NO. 7:** Objection. This Interrogatory is overly broad, vague and unduly burdensome in asking Plaintiff to describe in detail all facts relating to Plaintiff's allegations in the Complaint that Defendants violated the FLSA.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I had specific conversations with other employees and in 2024 HR announced a change in how we were allowed to clock in because of a change in the time clock system.

**INTERROGATORY NO 8:** Identify the "other production workers" you discussed your allegation that Defendants paid you and other production workers for fewer hours

**Page 5 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

than those worked, as described in Paragraphs 12 and 13 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Subject to and without waiving the foregoing objection, Plaintiff states as follows: I recall speaking with Andrew Leeman who worked in the technician department at the Mount Carmel, Pennsylvania facility.

**INTERROGATORY NO 9:** Identify the "other production workers" you observed work more hours than those scheduled to work, as described in Paragraph 12 of your Declaration in Support of your Motion for Conditional Certification, and identify the (1) facility at which the individual is employed at, and (2) the department in which the individual is employed in.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: The only name I can recall is Andrew Leeman. The others I observed worked in the technician department at the Mount Carmel facility.

**INTERROGATORY NO 10:** For each employee that you allege clocked in and started working prior to their scheduled shift time and continuing working after the end of their scheduled shift time, identify: (i) the facility at which you observed the individual working immediately upon clocking-in but prior to the start of their scheduled shift time

Page 6 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Karen Robertson's Answers to
Defendants' First Set of Interrogatories

and/or the individual continuing to work after the end of their scheduled shift time; (ii) the department in which the individual worked; and (iii) how you know that the individual was not paid for all time spent working.

**ANSWER NO. 10**: Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff further objects that it is overly broad. Subject to and without waiving the foregoing objection, Plaintiff states as follows: The others I observed worked in the technician department at the Mount Carmel facility. I know this based on specific conversations with other employees and the HR announcement that occurred in 2024.

**INTERROGATORY NO 11:** Provide a detailed description of Defendants' alleged "common policy of rounding" employees' time, including identifying all documents responsive to such policy.

**ANSWER NO. 11:** Plaintiff objects to this Interrogatory to the extent that it requests that Plaintiff produce information not within his own knowledge. Plaintiff further objects that this request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). Subject to the foregoing, I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**Page 7 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

**INTERROGATORY NO 12:** In Paragraph 72 of the First Amended Complaint, you allege that Defendants failed to pay your regular wages and proper overtime compensation. For each week during which you claim that Defendants failed to properly compensate you for work at an overtime rate, please provide the following information:

(a)     the date of the workweek;

(b)     the total number of hours that you claim to have worked that week;

(c)     the total amount of overtime wages that you claim to be owed for that week;

(d)     the name and job title of any person(s) that has knowledge of the hours that you worked that week;

(e)     a description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed and/or any documents that you would need to provide the information requested; and

(f)     any other information relevant to your allegation that you were not properly compensated for the straight time or overtime hours that you worked during that week.

**ANSWER NO. 12:** Objection. This request is overbroad, and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an

**Page 8 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due

Page 9 of 17
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA."). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are inaccurate).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was only paid for my scheduled shift regardless of the hours that I worked. My pay stubs and clock-in and clock-out records would reflect this information.

**INTERROGATORY NO 13:** Please state if you have ever been a party in a lawsuit or other judicial proceedings, other than the present matter, and, if so, please identify the lawsuit or proceeding, whether you were Plaintiff/Claimant or Defendant/Respondent, the caption, court, and docket number of the action, the year the action was filed, the names, telephone numbers and addresses of the parties of each such proceeding, the location the action was venued or the deposition or administrative proceeding was conducted, and describe the general subject matter and outcome of any such proceeding.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad and irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character

**Page 10 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any legal action, including any local, state, federal or administrative agency actions, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such suit, complaint, claim or charge involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions"

**Page 11 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**INTERROGATORY NO 14:** Please state each item of damage that you claim in this case.  Include in your answer: (1) the dollar amount of damages sought; (2) the nature of each item of damage; (3) the date, time, and place of such damage; (4) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (5) the factual basis for each item of damages; (6) an explanation of how you computed each item of damages, including any mathematical formula used; and (7) identify any documents in support of your damages claims.

**ANSWER NO. 14:** Objection. This request is overbroad and seeks discovery of information that is already in possession of Defendants. Defendants may access this information as easily, or more easily, than Plaintiff by reviewing Defendants' own records. *See* Fed. R. Civ. P. 33(d). The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not

**Page 12 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference", the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence". *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate". *Id.* at 688.

Courts have consistently upheld the award of approximate damages in this context because any imprecision in the calculation of damages ultimately stems from the employer's unlawful failure to maintain records. *See S. New England Telecomm. Corp.*, 121 F.3d at 69 (noting that a "rule preventing employees from recovering for uncompensated work because they are unable to determine precisely the amount due would result in rewarding employers for violating federal law"); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) ("*Mt. Clemens Pottery* leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA".). In such circumstances, the district court must simply "'do the best [it can] in assessing damages.'" *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citation omitted); *see Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (district courts have a "great deal of discretion in determining the most accurate amount to be awarded" where an employer's records are

Page 13 of 17
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Plaintiff Karen Robertson's Answers to
Defendants' First Set of Interrogatories

inaccurate). The glue that binds in order to offer representative testimony on damages is that "the representative employee performed substantially similar, if not identical, work to the non-testifying employees." *Reich v. Southern Maryland Hospital*, 43 F.3d 949, 951 (4th Cir. 1995); *Proctor*, 250 F.R.D. at 280 (While the plaintiffs must be "similarly situated," this does not mean they must establish that they are "identically situated.")

In this case, Defendant did not keep records of hours worked by Plaintiff and Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Plaintiff also objects because this Interrogatory calls for legal analysis and conclusions.

Subject to the foregoing, Plaintiff seeks all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty per week for all weeks in which she was employed by Defendant for the period starting three years prior to the filing of the Original Complaint herein through trial in this matter.

Plaintiff also seeks liquidated damages in an amount equal to her unpaid overtime compensation. In lieu of liquidated damages, Plaintiff seeks pre-judgment and post-judgment interest at the highest allowable rate under the law. Plaintiff also seeks costs and attorney's fees in an amount which has yet to be determined and which is not required to be determined at this time. Plaintiff objects to any effort by Defendant to require Plaintiff to specifically state the costs and attorney's fees sought at this time because such fees and costs continue to be incurred as litigation progresses. Accordingly, responding to a request for an amount of attorney's fees would be unduly burdensome. Further, such a requirement would invade the attorney-client relationship, and violates the attorney-client

**Page 14 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

privilege. In addition, the amount of attorney's fees and costs is not relevant on the substantive issues of liability in this case. Finally, this request is premature because attorney's fees are awarded to a prevailing plaintiff, and Plaintiff has not prevailed at this time.

**INTERROGATORY NO 15:** Please identify every social media website or application (*e.g.*, Facebook, LinkedIn, Twitter, Pinterest, Instagram, etc.) with which you have a user account and have used at any time during the relevant time period, including the usernames for any such accounts.

**ANSWER NO. 15**: Objection. This request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 19 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in an action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted). In addition, the court found that the

**Page 15 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts." *Id*. (citation omitted). *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering ... release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2). Accordingly, the same is applicable here, and Defendants do not have a generalized right to access any and all of the Plaintiff's social media accounts.

**Page 16 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**

Respectfully submitted,

**PLAINTIFF KAREN ROBERTSON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served via email on June

14, 2024, to the attorneys listed below:

John A. Ybarra
Matthew J. Ruza
Yara Mroueh
LITTLER MENDLESON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654

*/s/ Josh Sanford*
**Josh Sanford**

**Page 17 of 17**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Plaintiff Karen Robertson's Answers to**
**Defendants' First Set of Interrogatories**