IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JEFFERY CABE, SEAN FREY,**                                  **PLAINTIFFS**
**Et Al, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                          No. 1:24-cv-1316

**EVERGREEN PACKAGING LLC,**                             **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

This case is a direct spinoff of both *Wallace v. Evergreen Packaging LLC*, No. 4:22-cv-337 (E.D. Ark.) and *Woodall v. Evergreen Packaging LLC*, No. 1:23-cv-459 (N.D. Ill.). In both *Wallace* and *Woodall*, the plaintiffs requested conditional certification; the *Wallace* plaintiffs sought only a local collective while the *Woodall* plaintiffs requested a nationwide collective. The *Wallace* court granted a local collective of hourly-paid production workers. *Wallace*, No. 4:22-cv-337 (E.D. Ark. Mar. 31, 2023). In narrowing the scope of the requested collective in *Woodall*, this Court stated that the plaintiffs had not provided sufficient evidence of a nationwide common policy such that such a broad collective was appropriate, "unlike the plaintiffs in *Briggs v. PNC Servs. Grp., Inc.*, who included in support of a nationwide collective action **five declarations from five separate PNC branches in five difference [sic] states**, 'illustrating . . . overtime work and a lack of compensation in violation of the FLSA spanning a number of PNC branches and states.'" *Woodall v. Evergreen Packaging LLC*, No. 1:23-cv-459 (N.D. Ill.

Page 1 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

Jan. 19, 2024) (quoting *Briggs v. PNC Fin. Servs. Grp.*, No. 15-CV-10447, 2016 U.S. Dist. LEXIS 33703 (N.D. Ill. Mar. 16, 2016)) (emphasis added). Here, Plaintiffs have filed declarations from eight individuals representing seven of Defendants' facilities across six states. Defendants' Response to Plaintiffs' requested nationwide certification rests on improper merits-based and credibility-based arguments, inapplicable legal standards and alleged factual distinctions without a material difference. None of this is sufficient to overcome Plaintiffs' evidence that the collective members were victims of a single decision, policy or plan imposed by Defendants. Plaintiffs' Motion for Conditional Certification should be granted in its entirety.

**A.     The Court should grant Plaintiffs' Motion for Conditional Certification.**

As in *Wallace* and *Woodall*, Plaintiffs' declarations provide a factual basis demonstrating that Defendants' policy permitting timekeeping "grace periods" has resulted in unpaid overtime worked. Defendants' arguments that Plaintiffs' evidence is insufficient evidence to prove this factual basis is an inappropriate credibility argument, which is particularly ironic given Defendants' heavy reliance on declarations from its own current employees. Further, Plaintiffs' declarations are sufficient to conditionally certify a nationwide class, despite Defendants' arguments otherwise.

> 1.    *Plaintiffs' declarations are sufficient to support conditional certification of a group of hourly employees under either the proper, lenient standard or a heightened standard.*

Defendants' open their arguments with an assertion that this Court should apply a heightened evidentiary standard in evaluating Plaintiffs' request for certification because "discovery has occurred." Defs.' Opp. to Pls.' Mot. for Conditional Certification,

Page 2 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

ECF No. 24, p. 10.[1] Here, neither party has engaged in the "extensive discovery" contemplated by any of the courts cited by Defendants. *See Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 856 (N.D. Ill. 2013) ("The lenient interpretation standard, however, has sometimes been supplanted by a more rigorous examination standard if there has been more **extensive discovery** allowed the plaintiff."); *Vazquez v. Ferrara Candy Co.*, No. 14 C 4233, 2016 U.S. Dist. LEXIS 110554, at *14-15 (N.D. Ill. Aug. 19, 2016) ("Because Plaintiff has had the **full benefit of discovery—which is now complete—**'the court can skip the first step of conditional certification and decide whether the collective action can be certified.'"); *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 439 (S.D. Ind. 2012) (applying an "intermediate level of scrutiny" because the court was in the "in-between stage, when **substantial discovery** has taken place.") (all emphasis added).

In *Bergman*, the parties spent 11 months engaging in discovery exclusively on the certification issue, and by the time the court evaluated the issue, the plaintiffs had taken "three Rule 30(b)(6) depositions and served two sets of interrogatories and requests for production of documents," while the Defendants had "produced over 5,800 pages of documents" and "submitted 34 declarations of putative class members." *Bergman*, 949 F. Supp 2d. at 854. But the court noted that not even 11-months-worth of specifically certification-centered discovery warranted heightened scrutiny, stating that "it must be kept in mind that, despite the discovery that has been allowed, defendants still have greater access to evidence than plaintiffs and plaintiffs' modest showing need

---

[1] To summarize the parties' engagement in discovery to date, Plaintiffs filed their Motion for Conditional Certification on May 1; the parties exchanged written discovery on May 15; Plaintiffs served their responses on June 14 and Defendants served theirs on June 18; Defendants filed their Opposition to Plaintiffs' request for conditional certification barely two weeks later, on July 1.

Page 3 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

not be conclusive." *Id.* at 856. Here, the parties have exchanged initial interrogatories and requests for production requesting only the most basic information needed to get this case off the ground, Plaintiffs have had possession of personnel files and payroll data for a mere three weeks, and, most notably, the parties have conducted zero depositions. Defendants should not be permitted to hand out some generic discovery between the time Plaintiffs file their Motion and Defendants' response is due merely to undercut the well-established lenient burden at this stage of the litigation.

Regardless, Plaintiffs have met their burden under either standard. While Defendants present various arguments against certification, they all rest on the false premise that Plaintiffs' supporting declarations are somehow lacking or insufficient. Defendants' arguments rest on a legally unsupportable fact-based analysis of Plaintiffs' claims and the credibility of their declarations, which is improper at this stage of the litigation. *Williams v. Tophat Logistical Sols., LLC*, No. 23 C 1573, 2023 U.S. Dist. LEXIS 210215, at *17–18 (N.D. Ill. Nov. 27, 2023) (citing *Bergman*, 949 F. Supp. 2d at 855–56). The Court should grant Plaintiffs' Motion because Plaintiffs have met their burden to show that they are similarly situated to others who were subject to Defendants' unlawful practice or policy.

      i.    <u>Plaintiffs have provided evidence of a common policy that violates the FLSA.</u>

Defendants' arguments that their policy of permitting "grace periods" for clocking in and out is lawful under the FLSA is irrelevant at this stage of the litigation because Plaintiffs are not required to assert a policy that violates the FLSA on its face. Mem. Op. and Order, *Woodall*, No. 1:23-cv-459 (N.D. Ill. Jan. 19, 2024), Docket No. 46 ("*Woodall* Order") ("And contrary to Defendants' arguments otherwise, Plaintiff need not point to a

Page 4 of 15
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Reply in Support of Motion for Conditional Certification, etc.**

policy that, on its face, violates the FLSA; it could be the case that Defendants' application of a lawful policy is unlawful.") (citing *Amandah v. Alro Steel Corp.*, No. 19-CV-1607-JPS, 2020 U.S. Dist. LEXIS 151723 (E.D. Wis. Aug. 21, 2020)). As in *Woodall*, Plaintiffs' description of a lawful timekeeping policy that is unlawfully applied is fully sufficient to meet their burden for conditional certification. [2] Plaintiffs have demonstrated that Defendants' policy permitting grace periods in timekeeping resulted in unrecorded and uncompensated working time, which is a policy that violates the FLSA. *See generally*, Decls. of Pls., ECF Nos. 19-7–16.

Moreover, Defendants' description of the various models of time-keeping policies at the specific facilities in which Plaintiffs worked is merely highlighting distinctions without legally significant differences. Defendants' descriptions of which facilities permit which specific type of grace period do not contradict Plaintiffs' claims that they worked time for which they were not paid by clocking in prior to their scheduled shifts and clocking out after their scheduled shifts but were only paid for their scheduled hours. *See generally*, Decls. of Pls., ¶ 8–13. Accordingly, Plaintiffs have met their burden to state a policy that is unlawful under the FLSA to support conditional certification.

Finally, Defendants' claim that certain Plaintiffs were never employed by either Defendant is an inappropriate, merits-based argument that is not properly before the Court. Because replies are limited by both space and legal issue, Plaintiffs will not delve into the minutiae of the economic realities test at this point, and will merely state that

---

[2] *See also Williams v. Tophat Logistical Sols., LLC*, No. 23 C 1573, 2023 U.S. Dist. LEXIS 210215, at *19-20 (N.D. Ill. Nov. 27, 2023) (declining to "entertain[] at this juncture whether as a matter of law Plaintiffs have demonstrated they were misclassified" because "[a]t this stage, the Court does not make merits determinations."); *Bijoux v. Amerigroup N.Y., LLC*, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442, at *15 (E.D.N.Y. July 23, 2015) ("[I]t is settled that the existence of a formal policy that is facially unlawful is not a prerequisite for conditional certification. Instead, it is sufficient to show that a facially lawful policy was implemented in an unlawful manner, resulting in a pattern or practice of FLSA violations.") (internal quotations omitted).

**Page 5 of 15**
**Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316**
**Reply in Support of Motion for Conditional Certification, etc.**

under the FLSA, Defendants cannot escape liability by hiding behind corporate structure. *Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1232 (C.D. Cal. 2007) ("All joint employers are individually responsible for compliance with the FLSA."). Defendants' individual liability is an issue to be resolved later, after proper discovery has been conducted and the Court has been fully briefed.

        ii.    <u>Plaintiffs' Declarations are fact-based evidence and supported by the limited discovery conducted.</u>

Defendants' heavy-handed insistence that Plaintiffs regurgitate specific details regarding their employment with Defendants is the very basis for the lenient burden place on plaintiffs at this stage. It is well-established that because employees are relying only on their own recollection while employers enjoy the benefit of personnel records and documents, plaintiffs' evidence must only be based on personal knowledge, which can include inferences and opinions that are grounded in personal observation and experience. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761–762 (N.D. Tex. 2013); *Rosello v. Avon Prods.*, No. 14-1815 (JAG/BJM), 2015 U.S. Dist. LEXIS 83388, *14–15 (D.P.R. June 24, 2015) (Mag. Judge) ("Personal knowledge may be contextually inferred, and courts at the conditional certification stage often presume an employee's familiarity with his employer's general practices and the general experiences of other employees.") (adopted at 2015 U.S. Dist. LEXIS 133159 (D.P.R. Sept. 28, 2015)).[3]

---

[3]     *See also McCloud v. McClinton Energy Grp., LLC*, No. 7:14-CV-120, 2015 U.S. Dist. LEXIS 20374, at *12, n. 5 (W.D. Tex. Feb. 20, 2015); *Banegas v. Calmar Corp.*, No. 15-593 SECTION "B"(1), 2015 U.S. Dist. LEXIS 104532, at *12 (E.D. La. Aug. 10, 2015) (finding that the plaintiff's affidavit was based on the plaintiff's own observations and conversations, which were sufficient to demonstrate personal knowledge); *Simmons v. Valspar*, No. 10-3026 (RHK/SER), 2011 U.S. Dist. LEXIS 39340, at *11 (D. Minn. Apr. 11, 2011) (rejecting employer's argument that employee affidavits were not based on personal knowledge and finding that "[i]t is reasonable to infer from the evidence submitted that Plaintiffs, as employees of Valspar, would have learned during the normal course of their employment how the company operates and what the company's policies were") (internal citations, quotation marks and editing marks omitted).

Page 6 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

Plaintiffs' multiple declarations and discovery responses meet this standard. In the declarations, Plaintiffs describe their own experiences, their own observations of the members of the collective, and the policies of Defendants which resulted in the FLSA violations. *See generally*, Decls. of Pls. Defendants assert that the declarations are too "threadbare" to support certification, but even a cursory glance at the declarations show that they are full of specific factual assertions based on Plaintiffs' own experiences. Plaintiffs very clearly outlined Defendants' policies that violated the FLSA. As hourly-paid production workers, Plaintiffs regularly clocked in a few minutes prior to the start of their scheduled shift and began working and regularly clocked out a few minutes after the end of their scheduled shift but were paid only for their scheduled shift time. Decls of Pls. ¶ 9–13. As a result, Plaintiffs worked up to 20 minutes of unpaid time per day. *Id.* at ¶ 12. Plaintiffs know these policies apply to all of Defendants' hourly-paid production workers because they personally witnessed other workers using the same time clock and working the same hours and discussed Defendants' timekeeping systems and worker schedules with other employees. *Id.* at ¶ 8, 16–17.

This evidence is supported by Plaintiffs' discovery responses. In response to Defendants' unreasonable demand that Plaintiffs identify every employee that they believed worked unpaid time, which department that employee worked in, and how Plaintiffs knew those employees worked unpaid time, Plaintiffs made the reasonable response that the employees they allege worked unpaid time worked at the facility in which each individual Plaintiff worked. *See generally*, Pls.' Discovery Responses, attached as Exs. 1–14 to Decl. of Matthew Ruza, ECF No. 24-9. Taken together with Plaintiffs' declarations, in which Plaintiffs clearly state that the basis of their knowledge

Page 7 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

is their personal observation and discussion with fellow employees at their individual facilities, Plaintiffs have clearly met their burden to show that the policy resulting in unpaid working time was in place throughout the facilities represented by Plaintiffs. Plaintiffs have alleged sufficient, detailed facts demonstrating that the members of the putative class were subject to a uniform policy of failing to properly compensate its hourly production workers.

Notably, the only evidence Defendants have provided to rebut Plaintiffs' claims of similarity is, ironically, threadbare, boilerplate declarations from current employees. The declarations have no bearing on whether Plaintiffs has met their burden at this stage of the litigation. *See Becerra v. IM LLC-I*, No. CV 14-2671 (ADS)(ARL), 2015 U.S. Dist. LEXIS 56240, at *9 (E.D.N.Y. Apr. 29, 2015). Likewise, statements gathered by employers from its current employees "are of limited evidentiary value in the FLSA context because of the potential for coercion." *Id.* (quoting *Amador v. Morgan Stanley & Co. LLC*, 2013 U.S. Dist. LEXIS 19103, at *8 (S.D.N.Y. Feb. 7, 2013)).[4] Additionally, considering Defendants' declarations as against Plaintiff's would result in the Court engaging in inappropriate credibility determinations. *See, e.g.*, *Chastain v. Cam*, No. 3:13-cv-1802-SI, 2014 U.S. Dist. LEXIS 102465, at *13–14 (D. Or. July 28, 2014) (noting that "it is inappropriate to delve into the individualized facts from employees 'hand-picked' by Defendants"); *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d

---

[4] *See also Bilskey v. Bluff City Ice, Inc.*, No. 1:13-cv-62 SNLJ, 2014 U.S. Dist. LEXIS 10772, at *8 (E.D. Mo. Jan. 29, 2014) ("courts have afforded such 'happy camper' affidavits no weight in similar FLSA suits at this early stage); *Bijoux v. Amerigroup N.Y., LLC*, No. 14-cv-3891-RJD-VVP, 2015 U.S. Dist. LEXIS 96442, at *36 (E.D.N.Y. July 23, 2015) ("However, declarations submitted in opposition to a motion for conditional certification carry limited weight, since the focus of the court's inquiry is not on the defendants' evidence, but on whether the plaintiffs have made their requisite showing.").

Page 8 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

317, 330 (S.D.N.Y 2010) ("I decline to wade into a thicket of competing factual assertions at this preliminary stage.").

> 2. *Plaintiff's declarations support a nationwide class of hourly production workers.*

Defendants' arguments that the individual operations of its 66 facilities render them utterly dissimilar likewise comes to nothing. Plaintiff's allegations center on Defendants' policies regarding grace periods, which Defendants have admitted are in operation in most, if not all, of their facilities across the United States. *See* ECF No. 24, p. 5–7 (providing the details of timekeeping policies for eight of Defendants' facilities, seven of which have grace periods with the one outlier having a slightly different grace period involving a pre-shift meeting). Defendants go into intricate detail regarding how some facilities have pre-shift grace periods, some have post-shift grace periods, others have pre- and post-shift grace periods, some have a 7-minute grace period, some have a 12-minute grace period, others have some other number of minutes grace period, while some facilities have system allowing the employees to not use the grace period under certain circumstances.[5]

This hyper-focus on minutia is merely an attempt to distract the Court's attention from the forest by describing each individual tree. Defendants' use of grace periods across its facilities, which results in employees working unrecorded and uncompensated time, renders the affected employees sufficiently similar to proceed collectively. The issues surrounding the specific type and amount of grace period used at each facility

---

[5] In their Opposition Response to the *Woodall* plaintiff's request for conditional certification, Defendants provided a similar list of timekeeping practices at eight facilities, six of which do not appear in their current Opposition Response. *See* Defs.' Opp. to Pl.'s Mot. for Conditional Certification, *Woodall*, No. 1:23-cv-459 (N.D. Ill.), Docket No. 40, Filed 12/22/2023. The timekeeping practices line up exactly across both lists, meaning that at least 14 different facilities use some form of grace period that results in hourly-production workers working unpaid time.

Page 9 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

goes to a calculation of damages, which is an insufficient basis to deny conditional certification. *Jones v. AbClean, Inc.*, No. 1:08-CV-508, 2010 U.S. Dist. LEXIS 145462, at *23 (E.D. Tex. Feb. 8, 2010) (noting that that "the potential for individualized damages assessments and the assertion of individualized defenses is not a sufficient basis to preclude conditional certification"). Defendants have implicitly admitted that Plaintiffs are similarly situated to all hourly-paid production workers, regardless of location, in the ways that matter to the outcome of this case. Conditional certification of a nationwide collective of hourly-paid production workers is warranted.

**B.     Plaintiffs' proposed methods of distribution of notice are reasonable.**

Defendants' objections to the proposed notice, and the notice process, are uniformly self-serving and meant to reduce case participation. Notice is a matter for the Court to decide. A plaintiff should be allowed to use the language of his choice in drafting the notice, and his notice language should be approved absent reasonable objection. *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 U.S. Dist. LEXIS 15104, *36 (S.D. Tex. Feb. 22, 2010) (quoting *Gandhi v. Dell, Inc. & Dell Mktg. USA, L.P.*, No. 1:08-CV-248-JRN, 2009 U.S. Dist. LEXIS 96793, *5–6 (W.D. Tex. Oct. 20, 2009)). "The only changes made by the Court result from its duty to ensure that the notice is fair and accurate." *Id.* (internal quotation marks omitted). Defendants' objections to Plaintiff's proposed notice and proposed methods of distribution are not reasonable, nor do they serve to make the notice process more fair or accurate.

1.     *The Court should allow dissemination of Notice in the form requested.*

Defendants raise objections to many aspects of Plaintiff's Notice without providing any explanation or offering any alternative. These meritless objections can be

Page 10 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

discounted as not in good faith. For example, Defendant objects to "implications" regarding potential recovery or settlement without a) directing the Court to any actual objectionable language in the proposed notice or consent, or b) offering a reasonable alternative. Regardless, Plaintiffs are happy to confer about the content of the notice and consent if certification is granted, provided Defendant agree to a tolling of the statute of limitations for the amount of time it takes to come to an agreed form.

Further, a three-year lookback period dating from the filing of the Complaint in this case is proper. At this initial stage of the litigation, courts err on the side of inclusivity because "judicial economy is served by conditionally certifying a larger, more inclusive class." *Turner v. Concentrix Servs.*, No. 1:18-cv-1072, 2020 U.S. Dist. LEXIS 16785, at *21 (W.D. Ark. Feb. 3, 2020) (internal quotations and citations omitted). "The Court will address opt-in plaintiffs with time-barred claims if and when they join the litigation." *Id. See also Clark v. Sw. Energy Co.*, No. 4:20-cv-00475-KGB, 2022 U.S. Dist. LEXIS 61191 (E.D. Ark. Mar. 31, 2022).

    2.    *The Court should allow dissemination of notice in the manner requested.*

Distribution of notice by multiple means is a commonly accepted practice in FLSA-based collective actions.[6] Distribution by multiple forms serves the purpose of "ensur[ing] that potential plaintiffs receive notice in a timely and efficient manner." *Hussein*, 152 F. Supp. 3d at 1198.

---

[6] *See Hussein v. Capital Bldg. Servs. Grp.*, 152 F. Supp. 3d 1182 (D. Minn. 2015) (authorizing notice via mail, posted notice, reminder letter and reminder email over the defendant's request that only one form of notice be provided); *Shoots v. iQor Holdings US Inc.*, No. 15-CV-563 (SRN/SER), 2015 U.S. Dist. LEXIS 141617, *71–73 (D. Minn. Oct. 19, 2015) (authorizing notice via mail, email and workplace posting, as well as a reminder notice); *Rhodes v. Truman Med. Ctr., Inc.*, No. 4:13-cv-990-NKL, 2014 U.S. Dist. LEXIS 133281, *11–12 (W.D. Mo. Sept. 23, 2014) (authorizing notice via mail, email, and workplace posting, as well as a reminder postcard to "help ensure that all putative Plaintiffs are provided an adequate opportunity to 'opt in' to the action"); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, *59–61 (D. Or. Oct. 10, 2013) (authorizing notice via mail, email and workplace posting).

Page 11 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

Defendants have provided no legitimate reason why notice via email should not issue. Courts in this district recognize that "sending notice by email would likely reach more potential plaintiffs and thus gives more people the opportunity to participate." *Szarka*, 2021 U.S. Dist. LEXIS 150892, at *5. Distribution of notice via email is well on its way to becoming the standard medium of communication nationwide. *Woodall* Order, p. 8 ("Defendants' cite to a thirteen-year-old case, Blakes v. Ill. Bell Tel. Co., which does little to undermine the pervasive and growing use of email to distribute notice to putative class members.").[7] "Besides being in common practice, distributing notice via direct mail and e-mail 'advances the remedial purposes of the FLSA, because service of notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate.'" *Smart*, 2021 U.S. Dist. LEXIS 25197, at *14–15 (quoting *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630 (S.D. Ohio Feb. 26, 2015)).[8] This Court should order dissemination via email not only because courts across the nation are embracing the ease of technology-based communication, but also because as outlined in Plaintiff's Brief, email is a much more reliable and more commonly-used means of communication.

Defendants' argument that a reminder postcard could be interpreted as inappropriate encouragement to join the case can be disregarded as being in bad faith.

---

[7] *Smart v. City of Hughes*, No. 2:19-cv-47-KGB, 2021 U.S. Dist. LEXIS 25197 (E.D. Ark. Feb. 10, 2021) ("The Court, however, has routinely ordered that notice be sent via regular U.S. Mail *and* e-mail to all potential opt-in plaintiffs in FLSA cases.") (citing *Bonds v. Langston Cos.*, No. 3:18-cv-189 KGB, 2019 U.S. Dist. LEXIS 162996 (E.D. Ark. Sep. 24, 2019); *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-133-KGB, 2019 U.S. Dist. LEXIS 21266 (E.D. Ark. Feb. 11, 2019); *McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-00824-KGB, 2019 U.S. Dist. LEXIS 2435 (E.D. Ark. Jan. 7, 2019)).

[8] *See also McCoy v. Elkhart Prods. Corp.*, No. 5:20-CV-05176, 2021 U.S. Dist. LEXIS 26069, at *15 (W.D. Ark. Feb. 11, 2021) ("The Court finds that it is reasonable to permit Plaintiffs to send notice through email, not because of necessity but because it is a method reasonably calculated to provide timely actual notice to potential opt-in plaintiffs.").

Page 12 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

Courts have repeatedly rejected this argument. *McCoy*, 2021 U.S. Dist. LEXIS 26069, at *16 ("Though a reminder may run the risk of appearing to encourage participation, it also increases the likelihood that potential opt-in plaintiffs will receive actual notice of this action, reducing the probability that the Court and parties will need to address multiple requests to allow late opt-ins.").[9] The reminder postcard serves the crucial purpose of "notify[ing] potential opt-in plaintiffs that their mailed consent has not been received or that the DocuSign process was not complete, thus allowing time for any potential issues to be remedied." *Friedly v. Union Bank & Tr. Co.*, No. 4:21CV3105, 2021 U.S. Dist. LEXIS 233948, at *15 (D. Neb. Nov. 19, 2021). The reminder serves the critical function of ensuring that actual notice has been received by the collective <u>and</u> that all consents to join have been received by Plaintiff's counsel. *Id.*

Defendants have provided no legitimate reason that Plaintiff should not be responsible for disseminating notice. Third-party administrators may be used in cases in which there are particular concerns regarding the privacy of the putative class, but Defendants have identified no such concern here. *Woodall* Order, p. 8 ("the Court agrees with Plaintiff that [a third party administrator] would be unnecessarily costly without any real demonstrated privacy concerns."). Defendants' self-interested concerns that the notice is unduly solicitous do not rise to the level required to demonstrate the necessity of a third-party administrator. Plaintiff's counsel routinely manages and disseminates notice for large class groups, often managing multiple class notices at once, and has the infrastructure and systems necessary to efficiently and effectively

---

[9] *See also Kutzback v. LMS Intellibound, LLC*, No. 2:13-cv-2767-JTF-cgc, 2014 U.S. Dist. LEXIS 174558, *39 (W.D. Tenn. Dec. 16, 2014); *Hart v. U.S. Bank NA*, No. CV 12-2471-PHX-JAT, 2013 U.S. Dist. LEXIS 160147, *20 (D. Ariz. Nov. 8, 2013); *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2012 U.S. Dist. LEXIS 88440, *21 (N.D. Cal. Jun. 26, 2012).

Page 13 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

send notice. Involving another party to disseminate notice will only raise expected costs associated with the litigation. Defendants should be required to provide the contact information requested to Plaintiff's counsel.

Based on the forgoing, Defendant should be required to provide all request contact information for the collective. Upon a returned notice, Plaintiff will immediately use that potential opt-in's information number to locate a new address. Defendants' objection to the disclosure of this information is merely a tactic to delay dissemination of notice to opt-ins who may have recently moved or otherwise be difficult to locate. Moreover, courts frequently order employers to disclose important information upon certification. *Woodall* Order, p. 8 (citing Boltinghouse v. Abbot Labs., Inc., 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016); *Girolamo v. Cmty. Physical Therapy & Assocs.*, No. 15 C 2361, 2016 U.S. Dist. LEXIS 90128 (N.D. Ill. July 12, 2016)).

Finally, many courts permit a 90-day opt-in period, including the *Woodall* court, and Defendants have shown no reason why 60 days is better.[10] A 90-day opt-in period better serves the broad remedial goals of the FLSA.

**C. Conclusion**

Plaintiffs have met the burden of demonstrating that they and the collective are similarly situated for purposes of conditional certification and notice. Defendants' arguments to the contrary are either alternately credibility-or merits-based arguments, which are appropriate only at final certification stage. Further, Plaintiffs' proposed Notice

---

[10] *Woodall* Order, p. 9. *See also*, *Wihebrink v. Life Strategies Counseling, Inc.*, No. 4:21-cv-573-DPM, 2022 U.S. Dist. LEXIS 64236 (E.D. Ark. Apr. 6, 2022); *Mahoney v. CommonSpirit Health*, No. 8:21CV23, 2021 U.S. Dist. LEXIS 238830 (D. Neb. Dec. 14, 2021); *Baker v. APC PASSE, LLC*, No. 4:20-cv-00508-KGB, 2021 U.S. Dist. LEXIS 177033 (E.D. Ark. Sep. 17, 2021); *Lehmkuhl v. Travel Nurse Across Amer., LLC*, No. 4:20-cv-518-DPM, 2020 U.S. Dist. LEXIS 183456 (E.D. Ark. Oct. 2, 2020); *Doss v. Custom Auto Serv.*, No. 4:19-cv-296-KGB, 2020 U.S. Dist. LEXIS 177456 (E.D. Ark. Sep. 28, 2020); *Girtmon v. Vera Lloyd Presbyterian Family Servs.*, No. 4:20-cv-762-DPM, 2020 U.S. Dist. LEXIS 176382 (E.D. Ark. Sep. 25, 2020).

Page 14 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.

and distribution plan are fair and consistent with both common practice and the purposes of the FLSA. The Court should grant Plaintiff's Motion in its entirety.

Respectfully submitted,

**JEFFERY CABE, SEAN FREY, Et Al,
Each Individually and on Behalf of
Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing REPLY was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

John A. Ybarra, Esq.
Matthew J. Ruza, Esq.
Yara Mroueh, Esq.
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
jybarra@littler.com
mruza@littler.com
ymroueh@littler.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 15 of 15
Jeffery Cabe, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:24-cv-1316
Reply in Support of Motion for Conditional Certification, etc.