IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY CABE, SEAN FREY, ANITA POTEETE, RONDA ROHDE, ROBERT SNELL, JEFFREY MOORE AND ELISA TINNELL, MICHAEL KAP, KAREN ROBERTSON, JIM WESTRA, JOHNNY RUIZ, ARCHIE ROBINSON, DECODA KEYS AND NORMA MOODY, EACH INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> EVERGREEN PACKAGING LLC AND PACTIV EVERGREEN INC., <br><br> DEFENDANTS. | Case No. 1:24-CV-01316 <br><br> Hon. John Robert Blakey <br> Hon. Jeffrey T. Gilbert |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 5, 2025, the Seventh Circuit clarified the evidentiary standard governing court-authorized notice in Fair Labor Standards Act (FLSA) collective actions, rejecting the widely used "modest factual showing" standard derived from *Lusardi v. Xerox Corp.* and instead adopting a "heightened" standard for plaintiffs' evidentiary showing and expressly allowing for the defendant's evidence to be considered in determining whether notice to the putative collective is appropriate. *See Richards v. Eli Lilly & Co.*, No. 24-2574, -- F.4th --, 2025 WL 4769823 (7th Cir. Aug. 5, 2025). *Richards* is now the binding precedent in this District.

  A.  **Summary of The Seventh Circuit's Decision In *Richards v. Eli Lilly***

Historically, District Courts in the Seventh Circuit followed the *Lusardi* model, which permitted notice to issue upon a "modest factual showing" that the named plaintiff and potential

opt-ins were victims of a common unlawful policy. *Id.*, at *2. In *Richards*, the Seventh Circuit found this standard overly permissive, noting that it risked judicial endorsement of the merits, inflated discovery burdens on defendants, and pressured premature settlements. *Id.*, at *3. Instead, the Court held that notice may only issue where the plaintiff raises a material factual dispute as to whether the proposed collective is similarly situated. *Id.*, at *7. This new standard requires the District Court to engage in a holistic review of the evidence, including both plaintiff and defendant submissions, before authorizing notice. *Id.*

Under *Richards*, the plaintiff must first make a "threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated. By this, we mean that a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." *Id.* at *7. Then, "defendants must be permitted to submit rebuttal evidence" demonstrating dissimilarity, which may be in the form of affidavits and counter-affidavits. If, after seeing defendant's evidence, a plaintiff wants to submit rebuttal evidence in the form of affidavits and counter-affidavits, they may do so, but plaintiff must directly "engage with opposing evidence" in order to establish the requisite "material factual dispute." *Id.*, at *8. Crucially, notice is not automatic. The Court made *clear* that "a plaintiff is not automatically entitled to notice upon establishing the existence of a material dispute as to similarity." *Id.*, at *18. Rather, the District Court retains discretion to deny notice based on the totality of "its assessment of the factual dispute before it." *Id.*

As the Seventh Circuit emphasized, "[t]his threshold showing imposes a meaningful yet appropriate evidentiary burden on the plaintiff, reflecting both the preliminary stage of the proceedings and the practical significance of notice to both parties. A lower standard would permit notice based on little more than allegations, conflicting with the Court's warning against

2

encouraging "the solicitation of claims." *Id*., at *5 (citing *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 167–68 (1989)).

**B. Applying *Richards* To Plaintiff's Motion for Conditional Certification**

As described more fully in Defendants' Opposition to Plaintiffs' Motion for Conditional Certification, Plaintiffs cannot satisfy even *Lusardi*'s "modest factual showing" standard because Plaintiffs' did not present sufficient evidence of a common unlawful policy that allegedly violated the FLSA. Instead, Plaintiffs relied on vague, cookie-cutter declarations and discovery responses that lack detail and firsthand knowledge. Additionally, the varied timekeeping practices across facilities and the fact that most Plaintiffs were not employed by the named Defendants undermine any factual nexus required for conditional certification. Under *Richards*' more stringent standard, Plaintiffs now must meet an even higher burden and establish a material factual dispute by producing *evidence* that they and all of the proposed collective members are victims of a common unlawful policy that violates the FLSA. In support of their Motion, Plaintiffs offer only a handful of nearly identical declarations from employees at a few facilities (only 7 of 66 plant sites) which contain no evidence of the timekeeping practices at the other 59 locations. In fact, the declarations are so conclusory and unsupported by any type of data or records evidence that they do nothing to engage with or rebut the detailed rebuttal evidence submitted by Defendants even within the locations where Plaintiffs work. Plaintiffs' declarations certainly do nothing to engage with or rebut Defendant's showing that many proposed collective members are paid to the punch, the rest are allowed varying grace periods, and no one works off the clock within those grace periods.

The only other evidence offered by Plaintiffs — their discovery responses – also provides no evidence to engage and rebut Defendant's evidence or raise a material factual dispute. To the contrary, Plaintiffs' discovery responses consisted entirely of objections and speculative

3

statements and failed to identify any specific tasks they performed off the clock during any grace period. Under *Richards*, Plaintiffs have not met their burden of establishing a material issue of fact, and the absence of evidence showing a common unlawful policy across the proposed collective is dispositive.

Moreover, *Richards* confirms that the District Court must weigh both parties' evidence before authorizing notice. The decision expressly rejects the notion that plaintiffs are entitled to notice based solely on their own submission – the Court must now consider Defendants' evidence showing that timekeeping policies differ widely, not only across facilities but also within them, depending on shift structure, union status, and operational needs, and that there is *no* unlawful rounding policy; and, in fact, one of the Named Plaintiffs (Anita Poteete) was *overpaid* under the policy Plaintiffs hang their hat on as allegedly "violative" of the FLSA.

Finally, *Richards* reinforces that notice is not a procedural entitlement for Plaintiffs and cautions against issuing notice where it would function as a mechanism to "stir up litigation" or pressure settlement. This certainly applies here where a handful of Plaintiffs from a few sites seek a nationwide collective spanning 66 facilities with no evidence of centralized control or a uniform unlawful policy.[1]

---

[1] If the Court would like further briefing on the *Richards* decision and its impact on Defendants' Opposition to Plaintiffs' Motion for Conditional Certification, Defendants are prepared to further brief this issue.

Dated:  August 21, 2025            Respectfully submitted,

**EVERGREEN PACKAGING LLC and PACTIV EVERGREEN INC**.

*/s/ John A. Ybarra*
One of Their Attorneys

John A. Ybarra, Bar No. 06196983
jybarra@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
Yara Mroueh, Bar No. 6324386
ymroueh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

**CERTIFICATE OF SERVICE**

I, John A. Ybarra, an attorney, hereby certify that, on August 21, 2025, I caused a copy of *Defendants' Notice of Supplemental Authorities* to be filed with the Clerk of the Court, using the CM/ECF system, and served upon the following counsel of record:

Josh Sanford, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

*/s/ John A. Ybarra*
John A. Ybarra